# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

The St. of 1884, c..320, providing for the appointment of commissioners to make rules for the selection of persons to fill offices in the government of the Commonwealth and of the several cities thereof, which are required to be filled by appointment, and for the selection of persons to be employed as laborers or otherwise in the service of the Commonwealth, and of the several cities thereof, and to supervise the administration of such rules, is constitutional; and the Legislature may provide a penalty for the violation of such rules ; and may give them a general or limited application.

THE following order was passed by the House of Representatives on February 10, 1885, and transmitted by the Speaker to the Justices of the Supreme Judicial Court, who on February 24 returned the answer which is subjoined.

Whereas, The Legislature of 1884 passed an act entitled " An act to improve the civil service of the Commonwealth and the cities thereof; " * and .

Whereas, The commissioners appointed under said act have prepared certain rules, herewith submitted, which, having been approved by the Governor and Council and duly published, are by the terms of said act soon to go into operation; and

Whereas, This House has pending before it a bill appropriating six thousand five hundred dollars to defray the expenses of said commissioners in the supervision of the administration of the rules aforesaid, a substantial portion of which sum is to be expended by said commission in the administration of certain of said rules which have been given a limited application ; and

---

\* St. 1884, c. 320.

Whereas, This House, before making any further appropriations for the purposes of the civil service commission appointed under said act, desires to be advised as to the constitutionality of certain provisions of said act and said rules; therefore it is

Ordered, That the opinion of the Justices of the Supreme Judicial Court be required upon the following important questions of law, viz.:

First. Are the provisions of said act, which authorize said commissioners to prepare rules for the selection of persons to fill certain offices named in section two of said act,* which provide for a penalty for the violation of said rules when established and published, as required by said act, and which provide that said rules may be given a general or limited application, constitutional?

Second. Are the rules prepared by said commissioners and approved by the Governor and Council, and published as required by said act, a legal exercise of power lawfully conferred?

Third. Are the rules which are made applicable to the city of Boston only, valid?

The undersigned, Justices of the Supreme Judicial Court, have considered the questions proposed in the order of the Honorable House of Representatives of the tenth day of February instant, and respectfully submit the following opinion.

The Constitution, in the fourth article of the first chapter of "The Frame of Government," confers upon the General Court full power and authority to make all manner of wholesome and reasonable laws not repugnant to its provisions, to provide for the naming and settling all civil officers not provided for in the Constitution, and to set forth the duties, powers, and limits of such

---

* Section 2 provides that "the said commissioners shall prepare rules not inconsistent with existing laws or with the provisions of this act, and adapted to carry out the purposes thereof, for the selection of persons to fill offices in the government of the Commonwealth and of the several cities thereof, which are required to be filled by appointment, and for the selection of persons to be employed as laborers or otherwise in the service of the Commonwealth and of the several cities thereof. All rules so prepared shall be subject to the approval of the Governor and Council, and they may, with like approval, be from time to time altered or rescinded. The said commissioners shall supervise the administration of the rules so established."

officers. In the exercise of this power the Legislature has the right to prescribe the qualifications of all officers and servants of the public not provided for in the Constitution.

From the nature of the case, the duty of determining and ascertaining the qualifications of such officers and servants cannot be performed directly by the Legislature, but must be delegated to some officers or agents. It has been the constant and necessary practice of the Legislature to confer the power of appointing such subordinate officers and servants upon some superior officers of the State, or upon the authorities of the cities or towns, leaving the question of the qualifications of the persons to be appointed entirely to the discretion of the appointing power.

The object of the statute before us is to provide for a board of commissioners, who shall make rules for the selection of persons to fill such offices in the government of the Commonwealth, and of the several cities thereof, and supervise the administration of such rules. We think the Legislature has the constitutional right to provide for the appointment of such commissioners, and to delegate to them the power to make rules, not inconsistent with existing laws, to guide and control their discretion and the discretion of the officers of the State or of the cities in whom the appointing power is vested. This is not a delegation of the power to enact laws ; it is merely a delegation of administrative powers and duties, and there is no provision of the Constitution which prevents the Legislature from enacting that such rules, when duly made, shall be binding upon the officers and citizens to whom they apply, and that they may be enforced by suitable penalties, as provided in the last section of the statute.

The provision of the fourteenth section of the statute, that the rules "may be given a general or a limited application," is not open to any constitutional objection.

The power of the Legislature to make or to authorize local laws for the administration of local affairs is beyond question. It has the right to make local laws to meet the peculiar exigencies of any part of the community. The qualifications required to fill an office in one place may be different from those required for a similar office in other places, and different rules of examination may be required. We have no doubt that the

Legislature, or the commissioners acting under its authority, can make valid rules for the city of Boston differing from those which are found to be reasonable and wise in other localities.

We do not suppose it was the intention of the House to require us to examine every one of the numerous rules made by the commissioners, and to give an opinion upon the validity of each. The preamble of the order states that the House " desires to be advised as to the constitutionality of certain provisions of said act and said rules." We interpret the second and third questions, therefore, as designed to ask whether it is a legal exercise of power, lawfully conferred, for the commissioners to make rules consistent with existing laws, and whether they can make rules applicable only to the city of Boston. With this understanding of their scope of the questions, we answer each of the three questions in the affirmative.

Mr. Justice Colburn has been prevented by illness from considering the questions proposed, and therefore does not join with us in the opinion.

MARCUS MORTON.

WALBRIDGE A. FIELD.

CHARLES DEVENS.

WILLIAM ALLEN.

CHARLES ALLEN.

OLIVER WENDELL HOLMES, JR.

February 24, 1885.