No. 13,734.

CHARLES W. HOPE, ET AL. VS. CITY OF NEW ORLEANS, ET ALS.

$\overline{106}$ $\overline{345}$
107  124

### SYLLABUS.

1. Article 319 of the Constitution of 1898 is modified by the terms of the succeeding article (320), and is limited and controlled by the exceptions established by the latter article.

2. It was competent for the Legislature to create a Board of Civil Service Commissioners for the City of New Orleans and to prescribe as members thereof the Mayor, the Treasurer and the Comptroller, and two citizens to be appointed by the Mayor by and with the advice and consent of the Council.

3. Everything pertaining to the civil service is germane to *the subject* with which the act deals and is embraced within the scope of *its object*.

4. To give the heads of the several departments of the city government the right of selection, to fill vacancies in the places under them, from a list of persons rendered eligible by the fact that in the examination they secured ratings as high as 70 per cent. and over does not violate the Fourteenth Amendment of the Constitution of the United States.

APPEAL from the Civil District Court, Parish of Orleans—*St. Paul, J.*

*George J. Untereiner,* for Plaintiffs, Appellants.

*Arthur McGuirk,* Assistant City Attorney, for Defendants, Appellees.

The opinion of the court was delivered by

BLANCHARD, J.  Plaintiffs, as citizens and tax-payers of the City of New Orleans, bring this action contesting the legality of appointments in the public service made by the Administrator of Public Improve-

ments, the Administrator of Police and Public Buildings and the Treasurer of the City, and enjoining the Comptroller of the City from warranting for, and the Treasurer from paying, the salaries of the officials and employees so appointed.

It is averred that the appointments objected to were made by the officers mentioned in virtue of the pretended authority of Act 89 of 1900 entitled "An Act to provide a civil service for the City of New Orleans, to repeal all acts inconsistent or in conflict therewith and especially Sections 38 to 67 inclusive, and Section 110 of Act 45 of 1896."

The contention is that this act is unconstitutional and void, and, therefore, does not serve as sufficient basis for the tenure of office of the officials and employees the payment of whose salaries is sought to be restrained.

The grounds of the alleged unconstitutionality of the act are:—

1st. That it is repugnant to and contravenes the provisions of Articles 319 and 320 of the State Constitution in this, that it creates a board in a manner prohibited by said articles.

2nd. That it is repugnant to and contravenes the provisions of Article 50 of the Constitution in this, that it is a local and special act and was enacted without previous notice by publication of the intention to apply for its passage.

3rd. That it contravenes the provisions of the fifth section of Article 325 of the Constitution in this, that it pretends to legislate the Board of Civil Service Commissioners appointed under the Act 45 of 1896 out of office.

4th. That it is repugnant to Article 31 of the Constitution, in that the said act contains more than one object.

5th. That it indirectly attempts to remove the Board of Civil Service Commissioners appointed under Act 45 of 1896 in violation of Article 222 of the Constitution, and in a manner otherwise than that provided by Act 45 of 1896.

6th. That its provisions are repugnant to the Fourteenth Amendment of the Constitution of the United States in this, that it is unequal in its operation, denying priority of right of appointment to persons receiving the *highest* percentage in civil service examinations, and vesting arbitrary discretion in the heads of departments to select appointees from the list of those making a certain rating in the exam-

TERM OF 1901-1902. 347

Hope et al. vs. New Orleans et als.

inations, to-wit, seventy per cent. or more out of a possible one hundred per cent. It is claimed that this denies to applicants the equal protection of the law.

The defense is that the act attacked is a constitutional and valid statute and a sufficient warrant for the appointments to office made by the heads of the departments of the city government heretofore mentioned.

There was judgment below rejecting the demands of the plaintiffs and they prosecute this appeal.

The second, third and fifth grounds of attack on the constitutionality of the act underwent consideration in State ev rel. Fortier et al. vs. Capdeveille et als., 104 La. 566, and were there determined adversely to the contention of plaintiffs herein.

The court is not persuaded that there was error in that judgment.

## I.

Does the act in question contravene the provisions of Articles 319 and 320 of the Constitution, as is the first contention of plaintiffs?

We think not. The first of these articles provides that the electors of the City of New Orleans shall have the right to choose the public officers who shall be charged with the exercise of the police power and with the administration of the affairs of the corporation in whole or in part.

This declaration, however, is modified by the terms of the succeeding article (320) and is limited and controlled by the exceptions established by the latter article.

Thus, we find that city boards or commissions may be created or established the members of which are made elective by the Council, or who may be appointed by the Mayor with the consent of the Council. Also that authority is reserved to the General Assembly to create boards or commissions whose power shall extend in and beyond the Parish of Orleans, provided that at least two-thirds of the members thereof shall be from the City of New Orleans and selected by the people, or elected by the Council, or appointed by the Mayor.

Here was warrant for the Legislature to create the Board of Civil Service Commissioners provided for by Act 89 of 1900. *All* of the members of this board are from the City of New Orleans, three of them were selected by the people to the office of Mayor, Treasurer and Comptroller, and by the terms of Act 89 became merely *ex officio*

members of the Civil Service Commission, and the remaining two members provided for by the act were appointed by the Mayor as the act directs, by and with the advice and consent of the Council.

We do not find in this that repugnance to Articles 319 and 320 of the Constitution for which plaintiffs contend.

In making the Mayor, Treasurer and Comptroller *ex officio* members of the board, the act was merely prescribing for these officials additional duties to perform—something within the province of the Legislature to do.

It was, indeed, the addition of the two citizen members, not holding city office, which gave to this creation the character of a "Board," and these two members were directed to be appointed by the Mayor by and with the advice and consent of the Council—just as the Constitution authorizes.

## II.

Does Act 89 contravene the provisions of Article 31 of the Constitution, as is the fourth contention of plaintiffs?

Article 31 declares that every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title.

Does the act here involved embrace more than one object? We must hold not.

The act deals with the civil service of the city. That is *its subject*, and *its object* is to provide rules and regulations for the service. This includes classifying the offices and places of employment, prescribing who are eligible to appointment, how and in what manner they may be appointed, promoted, suspended or discharged. It embraces, too, within its scope rules of conduct for those employed—what may or may not work a forfeiture of their positions or be cause for removal or dismissal.

It is something more than a mere system of making appointments in the executive branch of the public service of the city. It includes *the regulation* of the service. The title of the act is "to provide a civil service for the City of New Orleans"—not merely to inaugurate civil service reform.

*Civil service,* in its enlarged sense, means all service rendered to and paid for by the State, or nation, or by political subdivisions thereof, other than that pertaining to naval or military affairs. *Civil service reform* is defined by the lexicographers to be the substitution of business

principles and methods for the spoils system in the conduct of the civil service, especially in the matter of appointments.

Everything pertaining to the civil service is germane to the subject with which the act under discussion deals and is embraced within the scope of its object. When, therefore, the Legislature embodied in the act the repeal of Section 110 of the present city charter it did not inject into the act another object.

That section is to the effect that no officer or employee of the city shall be a member of or delegate to any political convention, and comes clearly within the regulation of the civil service. Consequently, it came within the scope of the *one* object of Act 89 to reaffirm it or repeal it.

## III.

Is the act repugnant to the Fourteenth Amendment of the Constitution of the United States, as is the last contention of plaintiffs? Clearly not.

It was competent for the Legislature, had it seen fit, to have repealed entirely the civil service law as embodied in the present charter of the city, and to have substituted no other system of civil service reform in its stead. This would have left the filling of the offices and positions in the several departments of the city government to the heads of such departments, giving them a free hand in respect thereto. This was the case formerly.

Now, if the Legislature could abolish entirely the system as it existed at the time of the enactment of Act 89, it follows, as a matter of course, that it could modify the system, and that is what it did do in Act 89.

Instead of saying to the heads of the departments of the city government 'you may appoint whom you please to the several positions under you,' the act says to them, 'you shall appoint no one to a position under you unless he passes the civil service examination herein provided for and makes a rating as high as 70 per cent. But from the list of eligibles composed of those rating 70 per cent. and upward you are at liberty to make your own selection.'

This in no wise is a denial of anybody's right of appointment, nor is it unequal in its operation. It is not subject to the charge of discrimination for it does not deny to any the equal protection of the law.

Judgment affirmed.