## VALIDITY OF CIVIL SERVICE LAW IN ITS GENERAL FEATURES.

Common Pleas Court of Franklin County.

DAVID M. GREEN v. THE STATE CIVIL SERVICE COMMISSION OF THE STATE OF OHIO ET AL.

Decided, February 16, 1914.

*Constitutional Law—Civil Service Act Valid in Its General and Dominant Feature—Delegation of Power in Administrative Matters— State Commission May Investigate a Mayor with Reference to His Conduct in Civil Service Matters—Injunction the Proper Remedy Against Improper Exercise of Power by a Public Official.*

1. Injunction is the proper remedy against a public officer who assumes or threatens to exercise power not conferred upon him by law or conferred by an invalid statute, where such action will result in serious injury to a private citizen.

2. Power is conferred upon the state civil service commission to investigate the mayor of a city with reference to the enforcement by him of the civil service law and the rules prescribed thereunder; and the power of investigation is, in time, co-extensive with the taking effect of the act.

3. The provision of the civil service act which empowers the commission to prescribe, amend and enforce rules for carrying the act into effect, which rules have the force and effect of law, is not a delegation of the power to make laws, but of administrative powers and duties for the making of this particular act effective.

4. Authority to declare that in certain cases, where qualifications of a scientific or professional character are required, competitive examinations may be omitted and the position filled in the manner therein designated, does not invest the commission with arbitrary or uncontrolled discretion, but directs the method of procedure where the condition described is ascertained to exist, and is in no way a grant of the power, exclusive in the General Assembly, to suspend law.

5. The authority granted by Sections 20, 21 and 28 to fix rules, duties, compensation of assistants, and penalty for violations, do not, if invalid, affect the constitutionality of the act in its general and dominant provisions, and in no way affect rights involved in an investigation by the commission.

6. The provisions of this act do not violate the Fourteenth Amendment
   of the Constitution of the United States by denying the equal pro-
   tection of the law.

*A. Jay Miller, J. W. Flaugher* and *Geo. W. Poland,* for plaint-
iff.

*T. S. Hogan,* Attorney-General, and *N. J. Weisend,* contra.

RATHMELL, J.

The plaintiff, mayor of Urbana and a tax-payer, seeks to en-
join the state civil service commission from conducting a contem-
plated investigation touching the mayor of Urbana and the
municipal civil service commission of said city concerning cer-
tain acts alleged to be in violation of the civil service laws of the
state.

It appears that on the 17th of January, 1914, certain citizens
of Urbana complained to the state civil service commission to the
effect that David M. Green, the mayor of said city, removed the
whole municipal civil service commission of Urbana without any
real cause; but upon certain pretended charges made by him
against them; and that he thereupon removed said commission as
a body without any public hearing, and appointed another mu-
nicipal civil service commission to enable him to effect a re-
moval of different subordinate officers and employees for political
purposes; that said mayor, without any just cause, but for politi-
cal reasons, suspended Wm. F. McGree, the chief of police of said
city, upon charges having no foundation, and caused same to be
heard before the municipal civil service commission appointed by
him; that twenty days after said suspension, said commission
assumed and pretended to remove McGree as chief of police, he
being guilty of no offense or dereliction of duty and competent.
That the mayor then appointed to said office a person inexper-
ienced in the duties thereof.

The petitioners complain of other acts of Green, in the way
of harassing and annoying police and subordinate officers, by
insisting upon their resigning their positions in order to make
places for persons who have supported him for office or were ac-

ceptable to him for other reasons, but against whom no just charges could be filed.

A further complaint filed with the state civil service commission on January 17, 1914, by a number of citizens of Urbana charges the municipal civil service commission of Urbana with an abuse of their powers in removing William F. McGree from the office of chief of police of said city of Urbana, in certain matters, and prays that the state civil service commission make an investigation of said charges with reference to the violation of the civil service laws of the state.

The state civil service commission thereupon notified the plaintiff that on the 27th of January, 1914, a prospective hearing by the commission to investigate the substance of the charges filed against the mayor, and also those against the municipal civil service commission of Urbana.

David M. Green was elected mayor of Urbana at the November election, 1913, and took office on January 1, 1914, succeeding himself as mayor.

The chief of police was suspended by the mayor December 26, 1913; the charges of the mayor were filed with the municipal civil service commission which met on December 31, 1913, adjourned until January 4, 1914, met and adjourned until January 8, 1914, and after the production of evidence rendered a decision on January 15, 1914.

The grounds for the relief sought are that the civil service law (103 O. L., pp. 698 to 713), under which the commission claims to be proceeding is unconstitutional and void, and that such contemplated investigation on the part of the commission is without and beyond the authority granted to them by said alleged act.

The defendants by joint answer deny the act alleged is unconstitutional; they aver that plaintiff has made no demand that the action be brought by the proper officer; that he has no capacity to sue as a tax-payer; they deny that they propose to place plaintiff on trial for removal, but aver they propose to investigate the enforcement and effect of said civil service act as made by the plaintiff and the civil service commission of Urbana.

(1)   It is contended that injunction will not lie in the case presented—that plaintiff has an adequate remedy at law.

The court is of the opinion where it is claimed a public officer assumes and threatens to exercise power not conferred upon him by law, and such action will result in a serious injury to a private citizen, or that he acts under an unconstitutional or invalid statute, that authority supports the contention that injunction is the proper remedy; and that a tax-payer has sufficient interest to maintain an action to enjoin action by public officers under an invalid law which will affect the property of the state or the amount of taxes to be paid.  *State* v. *The City,* 57 O. S., 430; *The E. Gas & Water Co.* v. *The City,* 57 O. S., 374, 383, 384; *State* v. *Gilbert,* 70 O. S., 229, 257; *State* v. *Board of Education,* 7 C. C., 152; *22 Cyc.,* 881, 885; 23 L. R. A., 410, *State* v. *Fagan.*

(2)   Does the state commission in the proposed investigation assume the exercise of authority beyond the provisions of the act as found in 103 O. L., 698-713?

It is the contention of plaintiff that the law makes such a distinction between the service of the state and its counties, in contra-distinction to the service of the cities and city school districts, that in no case is power conferred on the state commission to investigate the conduct of the mayor of a city.

The court is of opinion such power is found in Section 7 of the act, paragraph 3.

The commission shall make investigation   *   *   *   concerning all matters *touching the enforcement of this act and the rules prescribed thereunder.*

And we hold this general power is nowhere taken away in any of the subsequent or preceding sections.

In Section 19 the municipal civil service commission is given the same authority with respect to the service under its jurisdiction as the state commission is given with respect to the service under its jurisdiction—shall exercise the power and duties with respect to the civil service of the city and city school districts as conferred upon the state commission with respect to the civil service of the state.   But we think this is not a limitation upon the power of the state commission to investigate in a proper case

concerning matters touching the enforcement and effect of the act and the rules prescribed thereunder.

This oversight of the state commission as to the enforcement of the act appears to be reflected at a number of points in the legislative act.

In subdivision 5 of Section 7, it is the duty of the state commission to report to the Governor annually and whenever requested, by him, its own action, the rules in force and any recommendations which the commission may have for the more effectual accomplishment of the purpose of the act.

In subdivision 1 of Section 7, they prescribe and enforce rules for carrying into effect the provisions of this act.

In subdivision 19, if the appointing authority of any city fails to appoint a civil service commission as provided by law within sixty days after he has the power to so appoint, the state commission shall make the appointment. And if such municipal commission fails to submit rules in pursuance of the provisions of this act within a certain time, the state commission makes the rules.

The municipal commission is required to make reports from time to time as the state commission may require. And if a state commission have reason to believe that the civil service commission of any city is violating or failing to perform its duties imposed by law upon it or any member of such municipal commission is so doing it may institute an investigation and make a report to the chief executive of such city.

It would appear that if the state commission can not make investigation as to abuse of enforcement of the act other than of the state service, the means for fulfilling the duty cast upon the state commission of enforcing rules for carrying into effect the provisions of the act would be very inadequate for the larger part of the civil service. While such an observation is not decisive as to legislative power conferred by the act, it is a result to be considered, if the power to investigate plainly appear as an aid to the performance of their duties under the law, as that construction of a statute which will defeat its purpose wholly or partly is always to be avoided if possible. But it is contended

that the matter complained of against plaintiff occurred prior to January 1, 1914, consequently there could be no color of law by which the commission could hold an investigation of such acts.

Section 2 of this act provides that on and after January 1, 1914, appointments to the civil service shall be made according to merit and fitness, to be ascertained as far as practicable by competitive examinations. And that on and after said date no person shall be appointed or removed by any other means than provided in this act.

"Appointments" here can hardly be said to apply to those already appointed.

Section 31 provides that officers and employes in the classified service holding their positions under existing civil service laws shall when this act takes effect be deemed appointees under the provision of this act.

By this provision the chief of police was an appointee under the provisions of this act, which act as to such matters became effective in August, 1913; and by provision of the statute, Section 4477, General Code, was amenable to the civil service commission then existing, until the rules provided in compliance with the provisions of this act became operative.

Construing the two sections together the court is of opinion there is color of law by which the state commission could hold an investigation of a matter touching the enforcement and effect of this act. The complaint purports to effect an appointee under the operation of this act. The matter complained of viewed as one transaction, in fact culminated January 15, 1914.

In the judgment of the court the method of appointments and removals provided for in Section 2, bearing in mind those already in the service and deemed appointees under Section 31 of this act, does not limit an investigation of a matter touching the service under this act to January 1, 1914. But the power of investigation, in time, is co-extensive with the taking effect of this act.

In so far as contention is made against investigations of the complaint against the municipal commission by the state com-

mission, we hold Section 19 gives specific authority for such a proposed inquiry.

(3)   Paragraph 1 of Section 7 is challenged as unconstitutional and void.

This, it is contended, is a delegation of power to make laws. scribe, amend and enforce rules for carrying into effect Section 10 of Article XV of the Constitution and the provision of this act, and such rules shall have the force and effect of law.

This, it is contended as a delegation of power to make laws. The law in question contemplates and provides that appointments and promotions in the civil service shall be made according to merit and fitness—to be ascertained as far as practicable by competitive examinations, for classification of the service and examination of applicants—and clothes this commission with the powers and duties of prescribing rules to carry the provisions of the act into effect.   This is not, we think, delegating the power to make laws, but the power of administering and executing the provisions of a law enacted by the Legislature. It is a delegation of *administrative* powers and duties, and we know of no provision of the Constitution prohibiting bestowal of administrative and executive powers and duties for making effective the provisions of law enacted.

Similar provisions in the civil service laws of other states conferring on commissions appointed to carry the provisions of the law into effect, and make rules not inconsistent with existing laws to guide and control their discretion—such rules to have the force of law—have been approved as not being a delegation of the power to enact laws, but merely a delegation of administrative powers and duties.   *Dillon on Municipal Corp.*, Sections 397, 398, 399; *Opinion of Justices,* 138 Mass., 601; *Opinion of Justices,* 145 Mass., 587; *The People, ex rel Akin,* v. *Kipley,* 171 Ill., 44, 45.

A similar authority is contained in Section 1048, General Code, with reference to rules and regulations adopted by chief examiner, respecting steam engineers, has been approved and held not in contravention of the state Constitution.   *Theobold* v. *The State,* 10 C.C.(N.S), 536.

No exercise of power of the commission with respect to paragraph 1, Section 7, is charged or involved in the proposed investigation.    But the court is of opinion that the power and duty of prescribing and enforcing rules for carrying into effect the provisions of this act, and that such rules shall have the force and effect of law, when not inconsistent with existing law, conferred by said paragraph and Section 1, is not invalid.

(4)    It is also contended that Section 14, Subdivision 2, is unconstitutional as in violation of Section 18, Article I of the Constitution in that it bestows a power of suspending laws exclusive in the General Assembly.

The section provides that positions in the competitive class may be filled in case of a vacancy in a position where peculiar and exceptional qualifications of a scientific, managerial, professional or educational character are required, and upon satisfactory evidence that for specified reasons competition in such special case is impracticable and that the position can best be filled by a selection of some designated person of high and recognized attainment in such qualities, the commission may suspend the requirement of competition in such case, no suspension to be general in its application to such place and all such cases of suspension to be reported by the commission in its report with the reasons for the same.

The law in this sub-section challenged provides when in the case described (when competition is impracticable), a competitive examination may be omitted and a vacancy in a position filled as designated in the section.

The meaning and intent of this part of the statute appears to me to be clear, that the commission does not suspend any provision of the law, but that the law describes a situation under which competitive examination is to be omitted by the provision of the law itself.    It is one of the administrative functions of the commission provided by the act that the commission ascertain the facts and conditions under which the law—not the commission—exempts competitive examinations.    And the authority thus conferred invests the commission with no arbitrary and uncontrolled discretion, but directs when the situation described is ascertained

to exist to apply the rule of law under the prescribed terms and conditions of the act. And we hold that the provision for the execution for such an administrative function is not a delegation of the legislative power of suspending laws in violation of the section and act mentioned.

A similar statutory provision has been ruled upon in the case of *State, ex rel Buel,* v. *Freor,* 146 Wis., 291, 304, 5 and 6, and held not to be legislative in character.

(5) Some suggestion is made that Sections 20, 21 and 28 are unconstitutional as delegating the power to fix by rules, duties and compensation of an assistant as unreasonable; and as vicious in affixing penalty for violation of rules of the commission.

We have had in consideration the matter of the validity of the act affecting the power to prescribe and enforce rules, not inconsistent with law, for carrying into effect the provisions of the act as bestowal of administrative power and duties.

None of the points made as to the validity of the sections just mentioned are claimed to affect the rights of plaintiff in this action as involved in an investigation. If the provisions of these sections should in a proper case be found to be invalid (which we do not hold or find) the invalidity of such minor provisions not involving the whole act, would not in my judgment affect the constitutionality of the law in its general and dominant provisions which form a valid and proper system of regulation of the subject. These sections have not, therefore, received special consideration as to validity further than to find they are not so interwoven and so inseparably connected in subject-matter as to invalidate the general act.

(6) Neither in the opinion of the court do the provisions of the act violate the fourteenth amendment of the Constitution of the United States in denying the equal protection of the law. This point is not specially argued by the able counsel for the plaintiff. The following authorities apparently sanction this form of legislation as not in violation of the fourteenth amendment. *Hope* v. *City of New Orleans,* 106 La., 345; *People* v.

*Loeffler,* 175 Ill., 585; *People* v. *Kenney,* 89 Div. (N. Y.), 171; *Rogers* v. *Com. Council,* 123 N. Y., 173.

It follows from the foregoing that while the form of action selected is the proper one to try the question presented by the petition, we find the points urged for relief are not well taken; that the commission is not without color of law to make an investigation for proper purpose designated in the act. And since equity will not interfere when public officers are acting or proposing to act within the authority conferred upon them by law, the injunction under the agreed state of facts should be denied and petition dismissed at plaintiff's costs.