Johnson, J.
In support of the judgment below it is insisted in the first place that a proceeding in injunction will not lie in a case such as is here presented. The ground upon which the relief prayed for is sought is that the defendants, as public officers, threatened to exercise powers not conferred upon them by law to the injury of plaintiff and others. The law is well settled that in such a case, where no other mode of protecting the rights of the complaining party is specially conferred, injunction is the proper remedy. A taxpayer has sufficient interest to maintain an action to enjoin public officers from the commission of acts in excess of legal authority and requiring the expenditure of public money. State, ex rel., v. City of Newark et al., 57 Ohio St., 430; Elyria Gas & Water Co. v. City of Elyria, 57 Ohio St., 374.
It is alleged in the petition and insisted here that the first paragraph of Section 7 of the act in question violates Section 1 of Article II of the Constitution in that it delegates to the state civil service commission legislative power to “amend and enforce rules for carrying into effect Section 10 of Article XV of the Constitution of Ohio and the provisions of this act, and such rules shall have the force and effect of law.” The last-named section of the constitution provides that'appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations’,' and that “laws shall be passed providing for the enforcement of Qhatjprovision." The legislature, one of the.co *256 ordinate branches of the government, cannot delegate its power to make laws. The recognition of this principle is vital to our system. But, although it is difficult to define the exact dividing line between legislative power to make laws and authority to make administrative rules, there is general concurrence in the view Lhat the authority to make administrative rules is not a delegation of legislative power. The United States supreme court in United States v. Grimaud, 220 U. S., 506, held that the making of such rules and regulations was not raised from an administrative to a legislative character because the violation thereof is punishable as a public offense. In the nature of things there must be many things on which the wisdom of legislation must depend, which can only properly be determined in the course of the administration of the legislative will as expressed in law. The statute in question provides for appointments and promotions in the civil service according to merit and fitness. It also provides for competitive examinations of applicants and that the commission may adopt rules to carry the provisions of the law into effect. There is in this no delegation of legislative power, but it is the imposition of an administrative duty in order to give practical effect to the enactment. The legislative power to prescribe this duty was exercised by the general assembly itself in keeping with constitutional requirement.
In 1 Dillon on Municipal Corporations (5 éd.), it is said, at Section 397, in discussing civil service laws: “Various objections to the constitutionality of these statutes have been considered by the courts *257 and have generally been overruled. The ascertaining of the qualifications of appointees by competitive examination under these statutes is in no sense an illegal test. * * * Statutory authority conferred on commissioners appointed to carry the provisions of the law into effect, to make rules and regulations for the classification of offices and employments coming within its provisions, and for determining and ascertaining the qualifications of persons seeking office or employment in the public service, is not an unauthorized delegation of legislative power.”
In Opinion of Justices, 138 Mass., 603, it is said: “We >think the legislature has the constitutional right to provide for the appointment of such commissioners, and to delegate to them the power to make rules, not inconsistent with existing laws, to guide and control their discretion and the discretion of the officers of the state or of the cities in whom the appointing power is vested. This is not a delegation of the power to enact laws; it is merely a delegation of administrative powers and duties.” These principles are also sustained in Opinion of Justices, 145 Mass., 587; Gregory v. Kansas City, 244 Mo., 523; Board of Education v. The State, ex rel., 80 Ohio St., 133; Union Bridge Co. v. United States, 204 U. S., 386.
It is also contended that the second paragraph of Section 14 of the civil service law violates Section 18 of Article I of the Constitution, in that it authorizes the commission to suspend laws. The paragraph referred to provides: “Positions in the competitive class may be filled without competition *258 only as follows: * * * 2. In case of vacancy in a position in the competitive class where peculiar and exceptional qualifications of a scientific, managerial, professional, or educational character are required, and upon satisfactory evidence that for specified reasons competition in such special case is impracticable and that the position can best be filled by a selection of some designated person of high and recognized attainments in such qualities, the commission may suspend the provisions of the statute requiring competition in such case, but no suspension shall be general in its application to such place, and all such cases of suspension shall be reported in the annual report of the commission with the reasons for the same.”
This does not confer power upon the board to suspend the law, but the law itself defines certain circumstances and conditions which, when the administrative commission finds them to exist, shall constitute a situation, in which the requirements of the statute may be omitted. The part of the board in the matter is simply to ascertain whether such a situation exists. When that fact is ascertained and properly authenticated by the board, the law authorizes the board to follow the procedure prescribed in the statute itself.
Nor do the provisions of this statute deny the equal protection of the law in violation of the fourteenth amendment to the constitution of the United States. The right of the employes of a municipal government in any state to hold employment is not such a right as comes within the meaning of the words “privileges and immunities of citizens of *259 the United States,” as used in that amendment. A state may pass laws to regulate the privileges and immunities of its own citizens provided in so doing it does not abridge their privileges and immunities as citizens of the United States. Presser v. Illinois, 116 U. S, 253; People v. Loeffler, 175 Ill., 585; Hope v. New Orleans, 106 La., 345; People, ex rel., v. Folks, 89 App. Div. (N. Y.), 171.
Suggestion is also made that some of the provisions contained in the civil service act under consideration provide for the fixing of rules and duties in an unreasonable way and with unreasonable penalties. None of such provisions can affect the rights of the plaintiff in this case and they are not involved here. If,' when a proper case is presented, any of these provisions should be found to be invalid for any of the reasons stated, such invalidity would not affect the constitutionality of the entire law. They might fall* and the general scheme of the enactment be still preserved and be. effective.
The duties imposed by these provisions, as well as those above referred to, undoubtedly assist in the effort to improve the civil service of the state, which is the desirable end sought to be attained in the passage of the law and in the adoption of the amendment to the constitution referred to.
The prescribing of the plan is a matter within the legislative will which, when exercised, must be judicially enforced. Every intendment must be indulged in favor of the validity of the act until it is disclosed that some constitutional requirement has been disregarded.
A serious question, however, is presented by an *260 examination of the provisions of the law itself with reference to the relative powers and duties of the state and municipal commissions. This case directly involves the relation of the municipal commission to the state commission, and the general terms used in some of the provisions of the act make the interpretation of it somewhat doubtful. A careful examination, however, of these different provisions we think conducts to a correct conclusion. Section 1 is devoted to definitions, and subdivision 2 in that section provides: “The ‘state service’ shall include all such offices in the service of the state or the counties thereof, except the cities and city school districts.”
Section 7 provides for the powers and duties of the commission. Subdivision 3 enacts that the commission shall “make investigations, either sitting as a body, or through a single commissioner, the chief examiner, or through a local public official or other persons designated by the commission, concerning all matters touching the enforcement and effect of this act and the rules prescribed thereunder.” It is insisted by the defendant in error that under these provisions the state commission was clothed with full power to conduct the investigation proposed to be made in this case. It is claimed that “all matters touching the enforcement and effect of this act and the rules prescribed thereunder,” necessarily embrace matters connected with municipal as well as state service since all are covered by the act. It is not contended that the investigation so to be made by the átate commission is followed by the power of removal or that any *261 definite action is authorized. This, however, would not be conclusive that the legislature did not intend to confer the authority claimed, because the investigation might be required for the purposes of publicity and to secure the beneficial results which attend sane and wholesome publicity as to the acts of public bodies and officials. It is hard to overestimate the advantages secured by the arousing of the interest and watchfulness of the citizen, which aré attended by a general restraining influence on public servants. The question is, Did the legislature confer that power on the state commission in such a case as here presented, or did it confer it on the municipal commission?
It is urged by plaintiff that the investigation, authorized to be conducted by the state commission in Section 7, subdivision 3, must be limited to matters touching the enforcement and effect of the act and the rules prescribed thereunder so far as they affect the state and county service as described in subdivision 2 of Section 1. The rules.which the state commission is "empowered to put into effect are described by Section 9 as being for the “classified service of the state and the counties thereof.”
The municipal civil service commission is provided for in Section 19. That section, after providing for the appointment of a municipal civil service commission of each city of the state, enacts : “Said municipal commission shall have and exercise all other powers and perform all other duties Avith respect to the civil service of such city and city school district, as herein prescribed and conferred upon the state civil service commission with respect to the civil service of the state; and all *262 authority granted to the state commission with respect to the service under its jurisdiction shall be ■ held to grant the same authority to the municipal commission with respect to the service under its jurisdiction.” Therefore, it is clear that the power to make investigations conferred upon the state .commission by the third subdivision of Section 7 is by Section 19 conferred upon the municipal commission in respect to the service under its juris- . diction.
Section 22 of the act provides that “Whenever a civil service commission shall have reason to believe that any officer, board, commission, head of department or person having the power of appointment, lay off, suspension or removal, has abused .such power by making an appointment, lay off, suspension, or removal in violation of the provisions of this act, it shall be the duty of the commission to make an investigation, and if it shall find that any such violation of the provisions or the intent and spirit of this act has occurred, it shall make a report thereof to the governor, or in the case of a municipal officer or employe to the mayor or other chief appointing authority, who shall have the power to remove forthwith such guilty officer,” etc. It will be observed that this power is not confined to the state civil service commission, but is conferred upon “a civil service commission” which “shall have reason,” etc. There is a manifest intent and purpose to keep the municipal officer and employe separate from those who are in the “state serAnce.” subject to the rules prescribed and enforced by the state commission.
As above stated, Section 19 provides for the ap *263 pointment and defines the powers and duties of a municipal civil service commission. In that section the relation of the state commission to the municipal commission is specifically referred to, and it seems to clearly define the scope of the state commission’s authority with reference to the municipal commission. It provides that on failure of the city authority to appoint a civil service co,m-mission within sixty days after he has power, to appoint, or on failure of the municipal commission to prepare rules and regulations as required by the act within six months after it goes into effect, the state commission shall make the appointment; or prepare such rules. The last paragraph but one in that Section (T9) provides: “Whenever the state commission shall have reason to believe that a civil service commission of any city is violating or is failing to perform the duties imposed upon it by law, or that any member of such municipal commission is wilfully or through culpable negligence violating the provisions of the law or is failing to perform his duties as a member of such commission, it may institute an investigation, and if it shall find any such violation or failure to perfom the duties imposed by law, it shall make a report of such violation in writing to the chief executivé authority of such city, which report shall be a public record.” It is then provided that the chief executive authority of such city may remove such municipal civil service commissioner after notice and hearing. The provision of the law last referred to is the only one in which special authority is conferred upon the state civil service to conduct an investigation with reference to the civil service of any *264 city. Of course it is not claimed that the language quoted confers authority to conduct the inquiry here complained of.
In view of the comprehensive provisions of the statute with reference to the duties of the different commissions in all other respects, it would seem clear that the maxim expressio unius est exclusio alterius would here apply. The learned court of appeals did not give to this special provision the conclusive effect which we think is required by correct interpretation.
The enforcement of the view we have taken will not weaken in any way the arm of the state in the exercise of a supervisory power over the conduct of the mayor of a city. Section 4268, General Code, provides that “In case of misconduct in office, bribery, any gross neglect of duty, gross immorality, or habitual drunkenness of any mayor, upon notice and after affording such mayor a full and fair opportunity to be heard in his defense, the governor of the state shall remove him from office.” The section also provides for the procedure by which this result may be attained.
• The municipality of Urbana has not exercised its right under the recent amendment to the constitution to frame and adopt a charter for its government and is therefore subject to the general laws of the state touching that subject. State, ex rel. Toledo, v. Lynch, 88 Ohio St., 71.
• In this posture we are not aware of any provision of the constitution as amended which would prevent legislation clearly conferring the powers of intervention in local affairs which are claimed by the state commission. But, as indicated, *265 we have not found such intention in the legislation involved in this case.
The judgment will be reversed and the cause remanded with instructions to enter judgment and decree for plaintiff.
Judgment reversed. .
Nichols, C. J., Shaucic,. Donai-iue, Wanamaicer, Newman and Wilkin, JJ., concur.