## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

The General Court may provide that no person shall be competent to serve as district attorney for any district who is not a member of the bar of the Commonwealth.

A bill providing that the several district attorneys shall be members of the bar of the Commonwealth, if enacted, would be constitutional.

THE following order was passed by the House of Representatives on April 20, 1922, and was transmitted to the Justices of the Supreme Judicial Court on April 26, 1922.

WHEREAS, There is pending in the General Court a measure providing that district attorneys shall be members of the bar, accompanied by bill, House, No. 1034, a copy of which is hereto annexed; and

WHEREAS, Doubt exists as to the constitutionality of the proposed measure, if enacted into law; therefore be it

ORDERED, That the opinions of the Honorable Justices of the Supreme Judicial Court be requested on the following important questions of law: —

1. May the General Court provide that no person shall be competent to serve as district attorney for any district who is not a member of the bar of the Commonwealth?

2. Would the said bill, if enacted, be constitutional?

The bill accompanying the order was entitled "An Act providing that district attorneys shall be members of the bar," and read as follows:

"Section twelve of chapter twelve of the General Laws is hereby amended by inserting after the word 'therein', in the second line, the words: — and a member of the bar of the commonwealth, — so as to read as follows: SECTION 12. There shall be a district attorney for each district set forth in the following section, who shall be a resident therein and a member of the bar of the commonwealth and shall be elected as provided by section one hundred and fifty-four of chapter fifty-four. He shall serve for four years beginning with the first Wednesday of January after his election and until his successor is qualified."

On May 4, 1922, the Justices returned the following answers:

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions in the order of April 20, 1922.

In substance the single inquiry presented is whether under the Constitution it is within the power of the General Court to provide by statute that the several district attorneys shall be members of the bar of the Commonwealth.

There is mention of county attorney in art. 8 of the Amendments to the Constitution, where it is said that he and other officers there named shall not continue to hold such office after being elected a member of the Congress of the United States and accepting that trust. By art. 19 of the Amendments the Legislature is given power to prescribe by general law for the election of district attorneys by the people of the several districts and to determine their terms of office. These are the only references to county or district attorneys in the Constitution or any of its amendments. In all other respects the Constitution is silent concerning

the office, and the general power of the Legislature is left without restriction. These two provisions only recognize an office. They do not secure its tenure or define its term. No right in the office is established beyond the control of the Legislature. The office itself may be abolished and the powers transferred to others. It is provided in c. 2, § 1, art. 9 of the Constitution that the Governor shall appoint a solicitor general. That office was not filled for the first twenty years after the adoption of the Constitution, and there has been no incumbent of it during the last ninety years. The office of Attorney General was abolished by act of the Legislature from 1843 to 1849. The office of the district attorney, although recognized by the Constitution, may be regulated, limited, enlarged or terminated according to the demands of public policy subject only to the single constitutional requirement of election by the people of the districts. It follows that the district attorney is not an officer created or provided for in the Constitution. *Opinion of the Justices*, 117 Mass. 603. *Attorney General* v. *Tufts*, 239 Mass. 458, 478 to 481.

The General Court has full power to make all manner of wholesome and reasonable laws not repugnant to the Constitution, to provide for the naming and settling of all civil officers not provided for in the Constitution, and to set forth the duties, powers and limits of the several officers of the Commonwealth not in any manner contrary to the Constitution. c. 1, § 1, art. 4. "In the exercise of this power the Legislature has the right to prescribe the qualifications of all officers and servants of the public not provided for in the Constitution." *Opinion of the Justices*, 138 Mass. 601, 603. *Graham* v. *Roberts*, 200 Mass. 152. *Opinion of the Justices*, 216 Mass. 605.

The General Court, therefore, has the power to fix reasonable qualifications for those who shall hold the office of district attorney. A statute establishing as an essential prerequisite that he shall be a member of the bar of this Commonwealth could not be pronounced unreasonable in a constitutional sense. It is difficult to conceive of one capable of performing the duties of a district attorney unless he were a member of the bar. This was recognized in *Commonwealth* v. *Connecticut River Railroad*, 15 Gray, 447, where it was said at page 449, "it was within the authority of the court, in the exercise of its discretionary power, to allow a dis-

interested counsellor at law to take the place of the district attorney."

There is a considerable body of authority which holds that the use of the word "attorney" in the title of the office carries with it the meaning that the incumbent must be a member of the bar. It has been said that "To be a district *attorney*, he must be a lawyer. He is not an attorney in fact. He must be an attorney at law. The name of the officer implies it. He is the attorney of the state in a certain *district*, to distinguish him from an attorney *general*." *State* v. *Russell*, 83 Wis. 330, 332, 333. *People* v. *May*, 3 Mich. 598. *Enge* v. *Cass*, 28 No. Dak. 219. *Danforth* v. *Egan* 23 So. Dak. 43. The power of the Legislature to establish such a qualification seems to be recognized in other jurisdictions. *Hanson* v. *Grattan*, 84 Kans. 843, 845, 847. *State* v. *Sanderson*, 280 Mo. 258, 261.

It is provided by art. 9 of the Declaration of Rights that "all the inhabitants of this commonwealth, having such qualifications as they shall establish by their frame of government, have an equal right to elect officers, and to be elected, for public employments." There is nothing in the true scope and effect of this article which forbids the enactment of the proposed legislation. Where qualifications of voters or officers are fixed by the Constitution the Legislature cannot add to or subtract from them. *Kinneen* v. *Wells*, 144 Mass. 497. The right of all persons equally to be selected for public employment in instances where the Constitution does not establish the qualifications is subject to reasonable regulation by the Legislature as to qualifications. Before the adoption of the Nineteenth Amendment to the United States Constitution conferring upon all citizens the right to vote regardless of sex, it was held permissible to require or to permit the appointment or election of women to many public offices. *Opinions of the Justices*, 115 Mass. 602; 138 Mass. 601, 603. The Legislature, in establishing offices not required by the Constitution, has frequently prescribed that the persons eligible for such offices or some of them shall possess specified qualifications bearing such relation to the duties imposed as to tend to secure the knowledge, experience and character requisite for the satisfactory performance of the duties, provided it is open to any person to secure the required qualifications. *Brown* v. *Russell*, 166 Mass. 14, 17.

*Taft* v. *Adams,* 3 Gray, 126. *Opinion of the Justices,* 166 Mass. 589.

It is open to any citizen, possessed of sufficient acquirements and qualifications and of good moral character, who conforms to standing laws, to become and to remain a member of the bar of this Commonwealth. G. L. c. 221, §§ 37, 38, 40, 41. All this is in conformity to the Constitution and creates no favored class. *Hewitt* v. *Charier,* 16 Pick. 353. *Commonwealth* v. *Houtenbrink,* 235 Mass. 320. *Commonwealth* v. *Beaulieu,* 213 Mass. 138. *Lawrence* v. *Board of Registration in Medicine,* 239 Mass. 424.

Since the power to prescribe the qualification specified in the proposed bill is vested in the General Court, such a qualification, if prescribed by law, would stand on the same footing as other provisions of the law regulating elections. The voters would not be at liberty under the law to disregard it. Officers charged with the preparation of ballots and the conduct and the declaration of results of elections would be obliged to conform to it. *Miner* v. *Olin,* 159 Mass. 487. *Cole* v. *Tucker,* 164 Mass. 486. The same result would follow if the word "district-attorneys" as used in the Constitution imports membership in the bar of the Commonwealth.

Each question is answered in the affirmative.

Mr. Justice Pierce has not participated in the deliberations of the Justices upon these questions and does not join in this opinion and asks to be excused.

> ARTHUR P. RUGG.
> HENRY K. BRALEY.
> CHARLES A. DE COURCY.
> JOHN C. CROSBY.
> JAMES B. CARROLL.
> CHARLES F. JENNEY.