**ROBERTS, County Treas., v. BOARD OF EDUCATION, CITY OF OKMULGEE, et al.**

No. 25256.    May 15, 1934.

Rehearing Denied June 12, 1934.

J. Berry King, Atty. Gen., George J. Fagin, Asst. Atty. Gen., James K. Eaton, Co. Atty., and W. E. Foster, Asst. Co. Atty., for plaintiff in error.

L. L. Cowley and Dick Jones, for defendants in error.

OSBORN, J.  This action was instituted in the district court of Okmulgee county by the board of education of the city of Okmulgee and the board of education of the city of Henryetta against E. L. Roberts, county treasurer of Okmulgee county, wherein it was sought to obtain a writ of mandamus to require the defendant to pay plaintiff school districts certain sums of money due them as earnings on the investments of the county sinking fund. The trial court rendered judgment in favor of plaintiffs, and defendant has appealed. The parties will be referred to as they appeared in the trial court.

The cause was tried upon a stipulation of facts in which it was stipulated and agreed that defendant, as county treasurer, had each year invested the county sinking fund in interest-bearing securities, and for the fiscal years ending June 30, 1930, June 30, 1931, and June 30, 1932, defendant had not apportioned any of the funds received as interest on investments of the county sinking fund to either of the plaintiffs in this action. It was further stipulated that defendant now has sufficient funds on hand to pay plaintiffs their pro rata part of these earnings if the court finds that such apportionment should be made. The plaintiffs are independent school districts of Okmulgee county.

Plaintiffs rely upon section 8581, C. O. S. 1921 (sec. 5916, O. S. 1931), which is as follows:

"The county treasurer shall, on the 30th day of June each year, apportion and place to the credit of the sinking fund account of the various school districts of the county, all interest collected from the investment of sinking funds, as provided in section 1 (8580, C. O. S.) of this act, and all interest loaned and collected upon such sinking fund from every source whatsoever; provided that the amount so credited to the sinking fund account, of each district, shall bear the same ratio to the whole amount of interest so collected, as the amount to the credit of the sinking fund account of such district bears to the whole amount credited to the sinking fund account of all the school districts of the county; and provided, further, that the treasurers of cities, towns, boards of education and township boards shall place all interest by them collected and arising from the sinking fund, to the credit of the sinking fund account."

The above section was amended by chapter 49, S. L. 1933, effective May 3, 1933, which is as follows:

"Counties, Schools, County Treasurer, Sinking Funds, Apportionment, Municipal

Corporations, Apportionment of Sinking Fund Interest. The county treasurer shall, on the 30th day of June each year, apportion and place to the credit of the sinking fund account of the various school districts of the county, all interest collected from the investment of their sinking funds, as provided in section 5915, and all interest loaned and collected upon such sinking fund from every source whatsoever; provided, that the amount so credited to the sinking fund account, of each district, shall bear the same ratio to the whole amount of interest so collected, as the amount to the credit of the sinking fund account of such district bears to the whole amount credited to the sinking fund account of all the school districts of the county; and provided, further, that this section shall not apply to interest and earnings on the county sinking fund, and on the last day of each month the county treasurer shall apportion to the county sinking fund, all of the interest and earnings on said sinking fund investments, and provided, further, that the treasurer of cities, towns, boards of education and township boards shall place all interest by them collected and arising from the sinking fund to the credit of the sinking fund account. It is further declared by the Legislature that the above was the legislative intent of the original enactment of the above section and of chapter 12 of the Session Laws of Oklahoma, 1913."

It is noted that the statute last quoted constitutes a legislative construction of the prior statute, section 5916, supra. Such construction is not binding upon this court. Board of County Commissioners of Cherokee County v. Hatfield, 121 Okla. 28, 247 P. 77. Such construction, however, is entitled to great weight as an aid in interpreting the meaning of the same. Glasco v. State Election Board, 121 Okla. 119, 248 P. 642; Board of Commissioners of Creek County v. Alexander, 58 Okla. 128, 159 P. 311.

The rights of the parties herein are entirely determinable upon the construction of section 5916, supra. It may be said at the outset that we are met with certain language contained in the statute which does violence to the evident purpose and meaning thereof. It is the duty of this court, however, to ascertain, if possible, the legislative intent and to give full effect to such intent. Haskell v. Edmonds, 90 Okla. 44, 215 P. 629; Brown v. Miller, 89 Okla. 287, 215 P. 748.

Section 5916, supra, is preceded by section 5915, which is section 1, of chapter 12, Session Laws 1913, and provides in part as follows:

"The county treasurer, the treasurer of cities, towns, boards of education and township boards, shall invest all sinking fund money now in the respective treasuries, or that may hereafter be paid into said treasury, in county warrants, township warrants, and school district warrants, school district bonds, township bonds, county bonds, road bonds, and town and city bonds. * * *"

In the purview of said section it was intended that the county treasurer should invest sinking fund money in his hands, and the treasurers of cities, towns, boards of education, and township boards should invest the sinking funds in their hands, as directed by the statute.

Chapter 12, Session Laws 1913, was approved February 15, 1913. At the same session of the Legislature there was enacted section 34, art. 5, chapter 219, Session Laws 1913, which provided that the county treasurer of each county was constituted the custodian of school district funds of the several districts of his county except independent districts. This act became operative January 1, 1914. Chapter 49, Session Laws 1933, provides:

"The county treasurer shall on the 30th day of June of each year apportion and place to the credit of the sinking fund account of the various school districts of the county all interest collected from the investment of **their** sinking fund."

The word "their" was not included in the original act, but the later act declared, in effect, that it was the intention of the Legislature that the word "their" should have been included.

It is upon this particular portion of the statute that plaintiffs claim a right to participate in the earnings of the county sinking fund. Obviously, had the omitted word been included in the original act, there would be no basis whatever for such contention.

Following the above language in section 5916, supra, it is provided:

"That the amount so credited to the sinking fund account of each district shall bear the same ratio to the whole amount of interest so collected, as the amount to the credit of the sinking fund account of such district bears to the whole amount credited to the sinking fund account of all the school districts of the county."

This portion of the statute directs the county treasurer how to distribute the earnings on investments of sinking funds. Inasmuch as we now have a declaration of a legislative intent that such word should have been included, and the act thereby given a meaning based upon justice and

equity, the difficulty in construing the act is eliminated and the legislative intent is easily ascertained.

Plaintiffs' contentions are based almost wholly upon a previous construction of this statute in the case of Protest of Chicago, R. I. & P. Ry. Co., 151 Okla. 139, 2 P. (2d) 937, wherein it was said, by way of dictum, that interest collected from the investment of county sinking funds should be apportioned and placed to the credit of the sinking fund accounts of the various school districts in the county. Since the filing of said opinion, we have the advantage of a legislative construction of the above act, and are of the opinion that the legislative construction should be followed. The exact question presented herein was not directly involved in the prior decision of this court, and we do not choose to follow the prior judicial construction of the act, in view of the subsequent legislative declaration.

We are informed by the Attorney General through his brief that prior to the effective date of the above opinion the act in question had received an administrative construction through certain opinions furnished to various officials by the Attorney General, which construction was to the general effect that the earnings from investments of the various sinking funds should be apportioned to the credit of the fund earning the same, and that the various officials have followed the practice and custom outlined in said administrative construction from the time of the passage of the above act of 1913, prior to and subsequent to the date of the opinion of the court above referred to. While such administrative construction is not binding upon this court, we recognize that it is entitled to weight and consideration. A change of established practices and customs results in confusion and disorder and is not to the best interests of the various municipalities affected thereby. This is especially true in this case, for the reason that the administrative construction of the act is supported by what we deem to be the actual intent of the Legislature, later specifically stated.

The judgment of the trial court is reversed and the cause remanded, with directions to enter a judgment for defendant in conformity with the views herein expressed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BUSBY, and WELCH, JJ., concur. RILEY, C. J., and BAYLESS, J., absent.