PER CURIAM.
Plaintiff, a qualified elector and resident of the Parish of Lafourche, filed his declaration of intention to become a candidate for the Democratic nomination for Judge of the 17th Judicial District, comprising the parishes of Lafourche and Terrebonne, with the Democratic Executive Committee of the judicial district. He sought to qualify as a candidate for the office of Judge of Division A of said district. The Judicial District is comprised of the two parishes of Lafourche and Terrebonne.
Under the provisions of Act No. 383 of 1950, as amended by Act No. 136 of 1952 (now LSA-R.S. 13:621), it is provided that one of the Judges of the said district shall be a qualified elector and resident of La-fourche Parish and that one shall be a resident and qualified elector of Terre-bonne Parish, and each shall also possess all the other qualifications prescribed by law.
After plaintiff had filed his declaration of his candidacy with said committee, a protest was filed by Edward N. LeBlanc with said judicial committee on May 29, 1954. A hearing was had by said committee upon said protest, after plaintiff had answered thereto. Evidence was heard by said committee upon said protest and said committee ruled against plaintiff, holding that he was not qualified to become a candidate for the Democratic nomination *435 for the office he sought, because he was not a resident and qualified elector of the Parish of Terrebonne.
Within the legal delay, the plaintiff filed this suit seeking a mandamus to compel said committee to certify him as a candidate for the Democratic nomination for Judge of Division A of said district, and also contended in said suit that the statute, Act No. 136 of 1952, LSA-R.S. 13:621, was unconstitutional, null and void insofar as it purported to require additional qualifications of candidates for the office of District Judge than that required by the Constitution, Section 33 of Article 7 of 1921, in that the constitutional provision only requires that the candidate be a qualified elector and resident of the district and possesses the other qualifications prescribed by law, whereas the provisions of the revised statutes provide that one Judge shall be elected from each of the parishes. Plaintiff contends that such provision is unconstitutional, because it contravenes and enlarges the qualifications required, by Section 33 of Article 7 of the Constitution of 1921.
The defendant first appeared and filed exceptions to the jurisdiction of the Court, ratione materiae and ratione personae, exception of misjoinder of parties defendant, exception of no right or cause of action, and plea of estoppel, reserving its right under these exceptions and pleas it answered. The exception to the jurisdiction is predicated on the ground that Honorable Clyde Caillouet, Chairman of the committee and Dr. Leo J. Kern, Secretary, are residents of the Parish of Lafourche and that the domicile of the committee is in Lafourche Parish.
The exception to the jurisdiction cannot be maintained because J. Louis Watkins was the only other candidate who had filed his declaration as ' a candidate and he, being made a party defendant to this suit and being a resident of Terre-bonne Parish, was in fact the contestee. Under Section 364, Paragraph B, LSA-R.S. Title 18, it is provided that petition shall be presented to the District Court of the parish in which the contestee resides. The provisions of the statute providing for suits against the committee or the contestee or defendant under the primary election law require that the suit be brought at the domicile of the contestee, and that proceedings challenging the committee’s action shall be governed by the primary election laws governing contest of elections. Exceptor also argues that the suit should have been filed in La-fourche Parish 'because that was the domicile of the Chairman and Secretary of the committee and contends that La-fourche Parish is the domicile of the committee. Exceptor cited no law creating the domicile of the Judicial District Committee and the record does not contain any evidence or minutes of the committee establishing the location of its domicile. The committees provided and created under Chapter 2, LSA-R.S. Title 18, provide their own rules and regulations and can meet anywhere within or without the district where they so elect. It is required that they publish or post on the main door of the Courthouse the minutes of their proceedings or notice of call after the issuance of a call for or the holding of any such meeting. LSA-R.S. 18:298. The Trial Judge correctly ruled that the exception to the jurisdiction was without merit.
Exception of Misjoinder
This exception was filed because the Honorable J. Louis Watkins, a qualified candidate for the Democratic nomination of the office to which the plaintiff sought was made party defendant to the suit. The Lower Court dismissed Judge Watkins from the suit and held that he was not a necessary party. Appellant has not complained of the Lower Court’s ruling on this exception and it has passed out of the case.
On the merits of this case, the only real question presented is whether or not Act No. 383 of 1950 now is constitutional in providing that the Judges of the 17th Judicial District shall be qualified electors and residents of different parishes. Article *436 7, Section 33, of the Constitution of 1921, provides:
“Election of judges — Qualifications. —District judges shall be elected by a plurality of the qualified voters of their respective districts in which they shall have been actual residents for two years next preceding their election. They shall be learned in the law and ■shall have practiced law in the State ■of Louisiana five years previous to 'their election. They shall be elected ■at the time now prescribed by law, and ■every six years thereafter; provided that, when for any judicial district of this State, the Legislature shall, in the manner prescribed by the Constitution, ■create one or more additional judges, such newly created judge or judges shall be appointed by the Governor for 'the first term, which shall not extend beyond that of the other district judges then in office. Thereafter, such .judge or judges shall be elected at the time fixed by law for the election of ■district judges throughout the State of Louisiana.”
This provision provides for the qualifications of District Judges throughout the state, and it is applicable to all judicial districts as created under the Constitution at the time of its enactment. Section 34 of Article 7 grants the Legislature authority to rearrange the judicial districts and by % vote of the membership of each house, increase or decrease the number of judges in any district.
The defendant apparently contends here that under Section 34 of Article 7, as construed by the Supreme Court in State ex rel. Garland v. Guillory, 184 La. 329, 166 So. 94, that the Legislature had the constitutional authority to provide that the two judges provided for in said district shall be residents of different parishes; that is, one to be elected from Lafourche Parish and the other from Terrebonne. The 17th Judicial District as originally created and at the time of the adoption of the Constitution of 1921, was provided with only one District Judge. The second judgeship in said district was- created by Act No. 383 of 1950, which was subsequently amended by Act No. 136 of 1952.
We have hereinabove referred to the qualifications of District Judges and how they are elected. Section 33 of Article 7 provides that they shall be elected by a plurality of the qualified voters of their respective districts in which they have been actual residents for two years next preceding their election, and now, can the Legislature increase that constitutional requirement by requiring that they come from a particular parish in the district? It is argued by the appellant that if the Legislature can require that they come from a particular parish, then it could also require that one of them come from a particular city, town or hamlet, or from a particular police jury ward, or any other subdivision of the district the Legislature saw fit to designate.
The appellee argues that under the provisions of Section 34 of Article 7, and under Section 11 of Article 5 of the Constitution, that since the Legislature may rearrange the judicial districts, and by a % vote of the membership of each house increase or decrease the number of judges in any district, and under the last cited article and section, it has the right to provide the mode of filling all offices created by it, that it had the constitutional authority to provide that the two judges come from different parishes within the district.
We grant that the Legislature has the right to rearrange judicial districts and by a % vote of the membership of each house, increase or decrease the number of judges in any district. It also has the right, under Section 11 of Article 5 of the Constitution, to provide the mode of filling all offices created by it. The case of State ex rel. Garland v. Guillory, supra, interpreted these provisions to mean that the Legislature could rearrange judicial districts and in effect abolish offices of incumbents duly elected, but nowhere do we find in that decision anything controlling on the question presented here, and that is the question of requiring additional qualifica *437 tions of Judges as to residence, other than that required under Section 33 of Article 7.
The Legislature, by the enactment of Act No. 383 of 1950, as amended by Act No. 136 of 1952, has in effect created two nominating districts within the 17th Judicial District, designating one as the Parish of Lafourche and the other, the Parish of Terrebonne.
We do not find any authority in the constitution authorizing the division of this judicial district into two nominating districts, unless it can be found under Section 34 of Article 7, and this article only authorizes the rearrangement of judicial districts and the increase or decrease of the number of judges in any district by a % vote of the membership of each house. Where this kind of legislation is permitted in other states, we believe that it has constitutional authority for the enactment of such statute. In the case of Glasco v. State Election Board, 121 Okl. 119, 248 P. 642, 643, there was permitted the dividing of a judicial district into two or more nominating districts and required candidates for District Judge to be residents of such nominating district, but the constitution of that state, under Section 36 of Article 5 provided:
“ ‘The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject of subjects whatsoever.’ ”
The Constitution of Louisiana contains no such provision.
It is our opinion that Section 33 of Article 7 of the Constitution of 1921 provides the only qualification for a candidate for District Judge in a judicial district and that any act of the legislature increasing or diminishing the qualifications of such a candidate is unconstitutional, null and void.
For the reasons assigned, judgment appealed from is nulled, voided and reversed, and it is now Ordered, Adjudged and Decreed that LSA-R.S. 13:621, insofar as it requires one of the judges from the 17th Judicial District to be elected or come from Terrebonne Parish and one of the Judges to be elected or come from La-fourche Parish, be declared unconstitutional, null and void, and that the plaintiff, Bernard L. Knobloch do have and recover judgment against the defendant, 17th Judicial District Democratic Executive Committee, ordering it to certify the said Bernard L. Knobloch as a duly qualified candidate for the nomination of District Judge of Division A of the 17th Judicial District.