MOORE, J.,
dissents.
hi respectfully dissent for the reasons expressed in this court’s original opinion. The main thrust of the majority’s opinion is that the extraordinary, horrific and sinister conduct of Horn, the man whose hiring McFarlin approved, warrants holding McFarlin personally liable for Horn’s tort. However, tort liability under La. C.C. art. 2315 is premised on whether the particular injury to the plaintiff could be reasonably foreseen or anticipated. Rando v. Anco Insulations Inc., 2008-1163 (La.5/22/09), p. 38, 16 So.3d 1065, 1092-1093. Specifically, even if an employee will have a unique opportunity to injure third parties, the employer’s duty in hiring is one of reasonable care. Cote v. City of Shreveport, 46,-571 (La.App. 2 Cir. 9/21/11), 73 So.2d 435. The extraordinary and horrific nature of Horn’s acts is precisely what takes this case out of the ambit of the reasonably foreseeable. The defendant’s reasonable duty does not extend to all risks. PPG Industries Inc. v. Bean Dredging, 447 So.2d 1058, 1061 (La.1984).
Unfortunately, in the nearly 40 years since it rendered Canter v. Koehring Co., 283 So.2d 716 (La.1973), the supreme court has never defined, or even elaborated upon, the concept of “personal duty” which would justify piercing the corporate veil to impose personal liability on an officer. To be sure, none of the later cases cited by the plaintiff or by the majority has resulted in personal liability of a corporate officer. Harrington v. State, 97-1670 (La.App. 4 Cir. 5/20/98), 714 So.2d 845, 128 Ed.L. Rep. 531; Smith v. Orkin Exterminating Co., 540 So.2d 363, 13 A.L.R. 5th 962 (La.App. 1 Cir.1989). Perhaps this is indeed the right case for the supreme court to take and thereby reaffirm or clarify its general pronouncements in Canter. Without such guidance, today’s opinion is likely to tatter the ^corporate veil of La. C.C. art. 24 and R.S. 12:92, despite the majority’s meticulous effort to depict the case as sui generis.
Finally, I would note that La. R.S. 15:553, which makes it a crime for a registered sex offender to operate a taxicab for hire and is cited by the majority, was enacted in 2010 as a response to this tragic case. Because it was not on the books when McFarlin approved Horn’s hiring, it cannot be viewed as evidence that McFar-lin flaunted an established, statutory duty.
I respectfully dissent.