No. 21,794.

W. M. CATES, *Plaintiff*, v. FRED W. KNAPP, as State Auditor, etc., *Defendant*.

SYLLABUS BY THE COURT.

1. MANDAMUS—*State Auditor—Refusal to Issue Warrant—Claim Valid —Writ Allowed*. Findings of fact and conclusions of law returned by a commissioner appointed for the purpose, approved, and held that the state auditor may not refuse to issue a warrant for the payment of a claim because the claimant had been a member of an unlawful combination in restraint of trade (Gen. Stat. 1915, § 6457), when the claim itself did not grow out of and was not connected with the combination.

2. SAME—*Duty of Auditor to Issue Warrant—Proper Remedy*. Mandamus is the proper remedy to obtain a warrant, whenever it is the legal duty of the auditor to issue it.

Cates v. Knapp.

3. SAME—*Authority of Auditor to Withhold Warrants.* The authority of the auditor to issue and withhold warrants outlined.

Original proceeding in mandamus. Opinion filed February 8, 1919. Writ allowed.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for the plaintiff. ·

*S. M. Brewster,* attorney-general, *J. P. Coleman,* and *T. F. Railsback,* assistants attorney-general, for the defendant.

The opinion of the court was delivered by

BURCH, J.: The action is one of mandamus, to compel the state auditor to issue a warrant on the treasury for the payment of money.

· The board of state fair managers let a contract to the plaintiff for the installation of an electrical system in one of the state fair buildings. The work was performed, the plaintiff's claim was approved by the board of state fair managers, and a proper voucher was duly given him. The auditor refused to issue a warrant, because of illegality of the claim, not discovered by the board.

The petition was sufficient in form and substance to warrant issuance of the writ. The answer was that the plaintiff was a member of an unlawful combination in restraint of trade, and that the contract was entered into on the plaintiff's side in furtherance of the objects of the combination. The case was referred to Mr. Van M. Martin, a young attorney of Hutchinson, in whose ability and integrity the court had the highest confidence, to report findings of fact and conclusions of law. The preparation and filing of his report constituted his last legal work. He entered the United States naval reserve flying corps, and died in the service at Seattle, Wash., on October 21, 1918.

The commissioner found that a combination of the character alleged had existed, and that the plaintiff had been a member of it, but that the contract was not connected with or related to the combination or its affairs, and was legal and valid. The conclusion was that judgment should be rendered for the plaintiff.

The defendant takes exception to the findings of fact. The court has reviewed the evidence, and the findings are approved.

The defendant takes exception to the conclusion of law. The statute reads as follows:

"That when an action at law or suit in equity shall be commenced in any court of this state, it shall be lawful in the defense thereof to plead in bar or in abatement that the plaintiff or any other person interested in the prosecution of the case is a member or agent of an unlawful combination as described in section one or two of this act, or that the cause of action grows out of such 'combination, or out of some business or transaction thereof." (Gen. Stat. 1915, § 6457.)

In the case of *Barton v. Mulvane,* 59 Kan. 313, 52 Pac. 883, it was held that this statute was not intended to be a bill of attainder, depriving persons of civil rights and placing them outside the protection of the law merely because they were members of a trust or unlawful combination, but that the purpose was to prevent promotion of the objects of an unlawful combination, and the enforcement of contracts and arrangements growing out of such a combination. This interpretation of the statute invalidates the portion of the defense resting on the naked fact that the plaintiff was a member of an unlawful combination. The findings of fact negative the portion of the defense asserting that the cause of action grew out of such a combination, or some business or transaction of such a combination.

For the purpose of obtaining an interpretation of his powers, the auditor asserts that mandamus is not a proper remedy in such a case as this. Mandamus is the proper remedy to obtain a warrant, whenever it is the legal duty of the auditor to issue it. Briefly, it may be said that the auditor is not a mere automaton who is required to issue a warrant as a matter of course whenever a claim is presented. Neither has he any discretion to refuse a warrant for the payment of a legal and valid claim. He is, however, an auditor, and may properly refuse a warrant to pay any claim which does not constitute a legal liability of the state, because of either matter of law or matter of fact. He will be protected in the exercise of this power by being relieved of costs and damages, so long as he acts reasonably and in good faith, even although he should be wrong in his refusal. Should he act captiously or arbitrarily or unfairly, he

becomes a wrongdoer, and subject to the liabilities of a wrong-doer. (*Hicks v. Davis,* 100 Kan. 4, 163 Pac. 799.)

Unless the warrant be issued within ten days, the writ of mandamus will be allowed.