No. 23,492.

Julia B. King, *Appellee*, v. Lorraine Elizabeth Wooster, as Superintendent of Public Instruction of the State of Kansas, *Appellant*.

### SYLLABUS BY THE COURT.

1. Mandamus—*To Compel Approval of Salary Account of Secretary of State Board of Education—Duty of State Superintendent.* It is the duty of the state superintendent of public instruction to approve the salary account of the secretary of the state board of education prepared for presentation to the state auditor, if correct.

2. Same. In acting in such matter the superintendent is under no responsibility to pass upon the question whether the secretary when elected to that office had the qualifications specified by the statute.

3. Same—*Qualifications of Secretary of State Board of Education—Not Open to Collateral Attack.* Under the statute requiring the state board of education to elect a secretary who shall be "a graduate of a four-year course of study of a university, college, normal school, or institution of like rank" where it elects one who before the adoption of the statute had been graduated after a three-year course in a normal school which when the statute was passed granted a diploma only upon the completion of a four-year course, and had since taken additional studies that might reasonably be regarded as the educational equivalent of an additional year as part of a regular course leading to graduation, the title to the office of the person so elected is not open to collateral attack for ineligibility on the ground indicated.

4. Same—*Secretary Entitled to Her Salary.* In the situation set out in the preceding paragraph the secretary is entitled to compensation for filling the office, and the state superintendent of public instruction is not justified in refusing to approve an account therefor by reason of the facts stated.

5. Same—*Plaintiff Entitled to Attorney's Fee.* The evidence in a mandamus proceeding is held to support a judgment allowing a recovery by the plaintiff of an attorney's fee.

Appeal from Shawnee district court, division No. 1; James A. McClure, judge. Opinion filed July 8, 1922. Affirmed.

*Richard J. Hopkins,* attorney-general, *John G. Egan,* assistant attorney-general, and *David Ritchie,* of Salina, for the appellant.

*Robert Stone, George T. McDermott,* and *Robert L. Webb,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Julia B. King brought this proceeding asking a writ of mandamus against Lorraine Elizabeth Wooster as state superintendent of public instruction, requiring her to approve the plaintiff's account against the state for her services as secretary of the board of education from July 1, 1920, to September 9, 1920. The district court allowed the writ and gave judgment against the defendant for the plaintiff's attorney's fee. The defendant appeals.

The defendant seeks to justify her refusal upon the ground that the plaintiff was not entitled to compensation from the state because she did not have the qualifications required by the statute for election to the office of secretary of the board of education. The questions presented are: (1) Did a legal duty rest upon the defendant to approve the account even if it were admitted to be valid? (2) If so, could a refusal to approve it be justified by reason of the plaintiff's title to the office being so defective that she was not entitled to the salary? (3) Did the plaintiff have the qualifications for the office specified by the statute? (4) Was the defect in her qualifications, if any, of such character as to deprive her of a claim for compensation for the time she filled the office? and (5) if the plaintiff was entitled to the writ asked, was the court warranted in allowing her also to recover damages?

1. The appropriation act covering the salary of the secretary of the board of education for the period including the year 1920 contains this provision:

"Any person to whom money is payable out of the appropriations provided for in this act shall file with the auditor of state an itemized account made in conformity with the statutes authorizing the expenditure, duly certified by his affidavit that such an amount is just, correct and due, and the expenditure was necessarily and actually made. Such an account shall be approved by the officer having charge of the appropriation. . . ." (Laws 1919, ch. 1, § 6.)

The clause making appropriation for such salary is included in the same subdivision of the statute with those relating to the compensation of the superintendent of public instruction, assistant superintendent and various clerks and stenographers under the general subtitle "Superintendent of Public Instruction." We think it clear that the account of the secretary of the board required to be approved before presentation to the auditor, and that the defendant was the proper person to approve it—the "officer having charge of

the appropriation" within the meaning of the act, although she did not have control of its disposition. This view is in conformity with what has been and continues to be the practice.

2. The title to a public office can ordinarily be determined only in a direct action. The state auditor, however, may refuse to allow a claim for the compensation of a public officer on the ground that the claimant is disqualified to hold the office. (*Bailey v. Turner*, 108 Kan. 856, 197 Pac. 214.) But that ruling in the case cited was based upon the fact that the auditor is not a mere ministerial officer and may reject a demand which for any reason does not constitute a legal liability of the state. The defendant as the head of an executive department, however, did not occupy so favored a position in determining whether or not to approve the account of an officer therein. The principal purpose of such an approval is no doubt to identify the claimant as the person who has filled the place for the period covered. The department head is not required nor expected to pass upon the claimant's legal title to the office, although a court might refuse to compel by mandamus any step in the presentation or prosecution of a claim that for any reason was clearly without legal merit.

3. The statute enacted in 1915 authorizing the election of a secretary of the state board of education (of which body the defendant is *ex officio* a member and chairman) included this provision, which has been retained in the section as amended:

"The State Board of Education shall elect a secretary, not a member of the board, who shall be an expert in education, a graduate of a four-year course of study of a university, college, normal school, or institution of like rank, and who shall have had not less than five years of experience in educational work as superintendent or supervisor." (Gen. Stat. 1915, § 8873; Laws 1919, ch. 256, § 2.)

The only objection made to the plaintiff's eligibility is that she was not "a graduate of a four-year course of study of any university, college, normal school, or institution of like rank." The evidence was that in 1890 the plaintiff was graduated from the state normal school at Emporia, which then gave diplomas upon the completion of a three-years course, a four-year requirement having been made between that time and the enactment of the statute under consideration; that later she taught school eight years, served as county superintendent six years and four months, and as principal of a ward school in Winfield for ten years; that she was later principal of the

junior high school of that city, and when elected as secretary of the state board of education was serving in that capacity, and had also nearly completed the six-hours extension course of the state agricultural college, which she later finished; that in 1918 she completed the four-hours extension course of the state normal school at Pittsburg; and that she had studied medicine for a year and a half.

It therefore appears that while the plaintiff was not literally a graduate of a four-year course of study of any institution she had been graduated from the state normal school at a time when its diplomas were granted upon the completion of a three-year course, and that her later studies had been of such character and extent that they might well be regarded as more than the educational equivalent of an additional year as a part of a regular course leading to graduation. The board of education in selecting the plaintiff as its secretary must be presumed to have regarded her qualifications in this respect as substantially meeting the statutory requirements, and for an executive officer or a court to hold that their action was unwarranted would require a very strict and technical reading of the statute; and even such an interpretation would not leave the title to the office open to collateral attack.

4. It has been said that "a statute prescribing qualifications to an office is merely directory, and although an appointee does not possess the requisite qualifications, his appointment is not therefore void, unless it is so expressly enacted." (*St. Louis County Court v. Sparks*, 10 Mo. 118, 121.) Whether or not that statement should be accepted as a general rule, a distinction may well be made in this respect between a statute which specifically forbids a person of a particular class to hold an office and one which merely enumerates the qualifications to be possessed by the person chosen for the place. In the case already referred to (*Bailey v. Turner*, 108 Kan. 856, 197 Pac. 214) it was held that under a statute forbidding a relative of the district judge to serve as court reporter, one who was so disqualified could not maintain a proceeding for the recovery of compensation for his services, and that the rule that a merely *de facto* officer cannot maintain an action for his salary is not limited to cases where there is no adverse claimant. It was not determined, however, that in no instance could a person who had performed the duties of an office not claimed by any one else, but whose title thereto was defective, recover compensation therefor. On the con-

King v. Wooster.

trary it was said: "If all that the occupant of an office lacked of a *de jure* title grew out of the fact (for illustration) that the official oath had not been administered to him [although such an oath is required not only by the statute but by the federal constitution], there might be good ground for holding him entitled to the salary." (p. 859.)

We conclude that it was the duty of the defendant to approve the plaintiff's account, and we place the ruling upon the ground that whether or not the plaintiff's title to the office was so open to challenge that she might have been removed in a direct action, the defect was not such as to forfeit her right to compensation for the time during which she filled it or to justify the defendant in refusing to give the approval which was required in order to enable the state auditor to pass upon the validity of the claim.

5. The plaintiff's claim has already been allowed and paid, and the consideration of the foregoing questions has been necessary only in order to determine whether the trial court was warranted in allowing the plaintiff to recover her attorney's fee as damages. A state officer in the exercise of quasi-judicial power is protected "by being relieved of costs and damages, so long as he acts reasonably and in good faith, even although he should be wrong in his refusal," but "should he act captiously or arbitrarily or unfairly, he becomes a wrongdoer, and subject to the liabilities of a wrongdoer." (*Cates v. Knapp,* 104 Kan. 184, 186, 178 Pac. 447.) As already stated, the function of the defendant in respect to the plaintiff's account was much narrower than that of the auditor in passing upon the validity. But the application of the same rule requires an affirmance of the judgment. There was testimony tending to establish these facts, which the trial court must be deemed to have found: The plaintiff was selected as secretary of the board of education in April, 1919, and took charge of the office on the first of the following July. Her selection was approved by the defendant who at the time knew of the extent of her educational qualifications and expressed herself to the effect that she was "substantially well qualified, even though not technically." The plaintiff served for nearly a year without objection being made by the defendant. In conversation on the subject the defendant expressed a desire and intention to relieve the plaintiff of her duties for reasons not connected with her educational qualifications.

This evidence warranted the inference, which, in support of the judgment, it must be assumed was drawn by the trial court, that the basis of the defendant's refusal to approve the plaintiff's account was not a belief that she lacked the legal qualifications, and was not of such character as to protect her from a judgment for damages for its refusal.

The judgment is affirmed.