No. 26,643.

MARY JANSKY, *Plaintiff*, v. CLARE BALDWIN, *Defendant*.

SYLLABUS BY THE COURT.

SCHOOLS — *County Superintendent — Eligibility — Constitutionality of Statute.*
R. S. 72-202, providing conditions of eligibility for the office of county superintendent of public instruction, is not unconstitutional.

Original proceedings in quo warranto. Opinion filed February 6, 1926. Judgment for plaintiff.

*D. M. McCarthy, L. E. Weltmer,* both of Mankato, and *J. M. Livingood,* of Belleville, for the plaintiff.

*W. D. Vance, R. E. McTaggart,* both of Belleville, *Charles L. Hunt, Frank C. Baldwin* and *C. J. Putt,* all of Concordia, for the defendant.

The opinion of the court was delivered by

HARVEY, J.: This is an original action in quo warranto to try the title to the office of county superintendent of public instruction of Republic county. Plaintiff, possessing the statutory qualifications, was duly elected to that office at the November election in 1922 for a term of two years. She assumed the duties of the office in July, 1923, and performed such duties during the term. At the November election, 1924, plaintiff was a candidate for reëlection. Defendant was the opposing candidate and received 720 votes more than plaintiff. Plaintiff contends that on July 6, 1925, the time fixed by statute for the beginning of the term, defendant was ineligible to hold the office, in that he did not possess the statutory qualifications therefor; hence, that the election was a nullity, by virtue of which she

Constitutional Law, 12 C. J. p. 805 n. 46, 48. Officers, 29 Cyc. pp. 1376 n. 22, 1399 n. 28. Schools and School Districts, 35 Cyc. p. 863 n. 99.

held over until her successor is elected and qualified. The statute provides:

"That a person to be eligible to the office of county superintendent of public instruction must hold a first-grade certificate, or a state certificate, or be a graduate of an accredited college or normal school, and must have taught at least eighteen months." (R. S. 72-202.)

The case is presented upon an agreed statement of facts, in which it is stipulated that defendant has taught but seventeen months; he has the other statutory requisites of eligibility. The principal question arises over the validity of the statute; if the statute is valid, defendant is ineligible to hold the office and plaintiff's contentions are correct.

Defendant argues that the statute is unconstitutional and void; that the office is created by the constitution; that the constitution fixes the qualifications; that it is not within the power of the legislature to increase or to decrease the constitutional qualifications, and that defendant is eligible as measured by the requirements of the constitution. This contention cannot be sustained. The constitution does make the following provision:

"A superintendent of public instruction shall be elected in each county, whose term of office shall be two years, and whose duties and compensation shall be prescribed by law." (Art. 6, § 1.)

This section of the constitution is silent as to requirements of eligibility. It is the rule that when the constitution of a state creates an office, and names the requirements of eligibility therefor, the legislature has no authority to make additional requirements, nor to provide that one may hold the office who does not have the constitutional requirements. When an office is created by an act of the legislature, that body has authority to name the terms of eligibility, and modify them at will. (*State, ex rel., v. Goldthait,* 172 Ind. 210; *State, ex rel. Bloomer, v. Canavan,* 155 Wis. 398; *Dapper v. Smith,* 138 Mich. 104; *Wright v. Noell,* 16 Kan. 601; *Snow v. Hudson,* 56 Kan. 378, 43 Pac. 260.)

Defendant calls attention to article 5, §§ 2, 5 and 6, of the constitution providing certain general disqualifications of electors and office holders, and contends these are the only disqualifications which may be named for an office created by the constitution, unless the constitution itself be amended. This view is sustained in *The People v. McCormick,* 261 Ill. 413, while the opposite conclusion is reached in *Ohio, ex rel. Atty.-Gen., v. Covington et al.,* 29 Ohio St.

102; *Darrow v. The People,* 8 Colo. 417; in Opinion of Justices, 240 Mass. 611, citing with approval *Hanson v. Grattan,* 84 Kan. 843, 115 Pac. 646.

Perhaps this analysis will clarify the situation: Under our form of government all governmental power is inherent in the people. Some governmental powers are delegated to congress, or to the federal government, by our federal constitution; those not so delegated are retained by the people. Hence, congress has no legislative power not granted to it by the federal constitution. This is not true of a state constitution. Since the people have all governmental power, and exercise it through the legislative branch of the government, the legislature is free to act except as it is restricted by the state constitution, and except, of course, the grant of authority to the federal government by the federal constitution. Our constitution (art. 5, §§ 2, 5 and 6) has placed certain restrictions upon the right of suffrage and the right to hold office. So long as a legislative act does not infringe upon those restrictions, it cannot be said to be unconstitutional. (*Ratcliff v. Stock-yards Co.,* 74 Kan. 1, 16, 86 Pac. 150; *State v. Weiss,* 84 Kan. 165, 168, 113 Pac. 388.) Suitable educational qualifications and previous experience of such officers as county superintendent of public instruction change with changed conditions of the people. The constitution, although it provided such office, did not deal with the subject of the specific fitness of the person who should be elected to such office, leaving that to the legislature to be fixed and modified as educational needs might require.

The statute is not merely directory, as was the statute in question in *King v. Wooster,* 111 Kan. 625, 208 Pac. 654. This statute goes to the question of eligibility. We have here the question presented in *State, ex rel., v. Irey,* 116 Kan. 21, 225 Pac. 1050. Defendant is not entitled to the office because he is not eligible; plaintiff was not elected, in 1924, because she did not receive a majority of the votes. The election was a nullity, but plaintiff is entitled to hold the office until her successor is elected and qualified. (Const., art. 4, § 2.)

Judgment will be entered for plaintiff.