No. 28,478.

FRANK R. FORREST, *Plaintiff*, v. FRANK J. RYAN, as Secretary of State, etc., *Defendant*.

(268 Pac. 101.)

Opinion filed June 9, 1928.

*Al F. Williams*, of Columbus, and *Alton H. Skinner*, of Kansas City, for the plaintiff.

*William A. Smith*, attorney-general, and *W. C. Ralston*, assistant attorney-general, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: This is an action in mandamus to compel the defendant, Frank J. Ryan, secretary of state, to issue to the plaintiff a certificate showing his election to the office of judge of the district court of the thirty-seventh judicial district, composed of Allen and Woodson counties, for a full term of four years commencing on the second Monday in January, 1927.

In November, 1924, R. E. Cullison was elected judge of the district court of the thirty-seventh judicial district for a full term of four years. On August 17, 1926, he tendered his resignation to the governor to become effective August 31, 1926. The resignation was accepted, and John W. Brown was appointed to fill the vacancy. He immediately qualified and entered upon the duties of the office. At the succeeding election, which occurred in November, 1926, the plaintiff was elected to fill the office. He claims he was elected for a full term of four years commencing at the regular time in January, 1927. The defendant claims that the plaintiff was elected to fill the remainder of the term for which R. E. Cullison had been elected.

The solution of the controversy necessitates an examination of the constitution to ascertain whether or not the situation presented is covered by its provisions.

Section 5 of article 3 of the constitution reads:

"The state shall be divided into five judicial districts, in each of which there shall be elected, by the electors thereof, a district judge, who shall hold his office for the term of four years. District courts shall be held at such times and places as may be provided by law."

Section 11 of article 3 of the constitution, in part, reads:

"In case of vacancy in any judicial office, it shall be filled by appointment of the governor until the next regular election that shall occur more than thirty days after such vacancy shall have happened."

Section 12 of article 3 reads:

"All judicial officers shall hold their offices until their successors shall have qualified."

Section 19 of article 2, in part, reads:

"The legislature . . . shall have the power to provide for the election or appointment of all officers, and the filling of all vacancies not otherwise provided for in this constitution."

The constitution does not provide that a judge of the district court, elected when a vacancy has occurred, shall serve for a full term of four years commencing at the regular time for the installation of officers next after his election. The constitution is silent on that subject. Section 19 of article 2 then applies.

Section 20 of the bill of rights of the constitution of this state should be noticed. It reads:

"This enumeration of rights shall not be construed to impair or deny others retained by the people; and all powers not herein delegated remain with the people."

In *Ratcliff v. Stock-yards Co.*, 74 Kan. 1, 86 Pac. 150, this court said:

"There are no limits upon the legislative power of the legislature of the state, except such as may be found in the state and federal constitutions." (Syl. ¶ 3. See, also, *The State v. Weiss*, 84 Kan. 165, 168, 113 Pac. 388.)

What has the legislature said about filling vacancies in the office of judge of the district court? Section 25-312 of the Revised Statutes reads:

"All vacancies in any state or county office, and in the supreme or district courts, unless otherwise provided for by law, shall be filled by appointment from the .governor, until the next general election after such vacancy occurs, when such vacancy shall be filled by election."

Section 25-313 of the Revised Statutes reads:

"The regular term of office of all state, district, county and township officers shall begin on the second Monday in January next after the election, except as otherwise provided by law."

Section 25-314 of the Revised Statutes, in part, reads:

"Any of said officers that may be elected or appointed to fill vacancies may qualify and enter upon the duties of their office immediately thereafter, and when elected they may hold the same during the unexpired term for which they were elected, and until their successors are elected and qualified. . . ."

In *Bond v. White*, 8 Kan. 333, 341, the court used the following language:

"The meaning of the sections above quoted is plain and obvious. No language could be used which would more clearly express the object which the legislature intended to accomplish. In case of a vacancy the governor was to designate some one to discharge the duties of the office until the succeeding fall election, at which time the people were to elect a successor. The appointee could hold only until the fall election, and the qualification of the officer then elected. The officer elected held the unexpired term. This construction is supported, if support it needs, by the reasoning in the case of *State, ex rel. Watson, v. Cobb*, 2 Kan. 53, where the court say: 'The general principle is that the judiciary are elective. The exception made to meet possible necessities, is by appointment to fill vacancies, but that appointment is expressly limited and must expire at the next regular election.'"

The court concludes that the plaintiff was elected for that part of the term of office of R. E. Cullison which had not expired when the election occurred in 1926. *State, ex rel. Watson, v. Cobb*, 2 Kan. 32, lends some support to this conclusion.

The writ is denied.