215 P.2d 286

**BOUGHTON v. PRICE, Secretary of State.**

No. 7603.

Supreme Court of Idaho.

Feb. 23, 1950.

W. F. McNaughton and Herbert S. Sanderson, Coeur d'Alene, for plaintiff and petitioner.

Robert E. Smylie, Atty. Gen., Boise, Donald A. Purdy, J .N. Leggat, and Don J. McClenahan, Asst. Attys. Gen., for defendant.

E. B. Smith and Robert H. Copple, Boise, for Board of Com'rs of Idaho State Bar, as amicus curiæ.

246

J. F. Martin, Boise, as amicus curiæ.

PORTER, Justice.

Plaintiff initiated these original proceedings in this court by filing a petition denominated "Petition for Declaratory Judgment In Mandamus." By such petition, plaintiff alleges as follows:

"I. That he is a qualified elector of the State of Idaho and has been such for more than thirty years last past.

"II. That he is learned in the law, to-wit, admitted to practice before the bar of the District Courts and the Supreme Court of this state, and the District Court of the United States for the District of Idaho, the Supreme Court of the United States for the District of Idaho, the Supreme Court of the United States, and the United States Circuit Court of Appeals for the Ninth Circuit; That he resides within the Eighth Judicial District of Idaho, to-wit, at Sandpoint, and presently is one of the duly elected, qualified and acting District Judges of said Court.

"III. That petitioner's term of office as such District Judge will terminate on the 1st day of January, 1951, unless he is reelected to said position.

"IV. That petitioner will be more than seventy years of age before the termination of said term and the beginning of the following term on January 1, 1951.

"V. That it is petitioner's desire and intention to file in his own behalf a declaration of candidacy for the office of District Judge of Idaho for election to said position at the primary and general election following in 1950, with appended to said declaration a petition singed by more than one hundred electors of said state residing in said Judicial District, each stating the he intends to support the petitioner as such condidate for the office of District Judge, and stating the petitioner is legally qualified to hold such office. Petitioner further alleges that he can and will file said nominating certificate in full and strict compliance with Sections 34-702 of the Idaho Code in the office of the Secretary of State of the State of Idaho at least 30 days and not more than 60 days prior to the date fixed by law for holding nominating elections for the election of District

Judges in said District for the term beginning January 1, 1951, and will pay a fee of Sixty-Five Dollars to said Secretary of State at the time of filing said declaration of candidacy unless it shall be determined by this proceeding that petitioner is ineligible to file as such candidate and hold said office.

"VI. Petitioner has heretofore informed the defendant, Honorable J. D. Price of petitioner's desire and intention to so file for said office and is advised by the defendant that he believes, and will hold, that on account of petitioner's age, then being above seventy years, he feels obliged to rule that petitioner is ineligible to file as a candidate for the office of District Judge and will refuse to certify twenty days before the nominating election or at any time, any list containing petitioner's name and address as a candidate for such office to any County Auditor in said Eighth Judicial District.

"That defendant believes and holds petitioner disqualified for said office under and pursuant to Section 1-2007, I.C., notwithstanding Section 23 of Article 5 of the Idaho Constitution.

"VII. Petitioner believes and therefore alleges the fact to be that he is eligible to the office of District Judge of the Eighth Judicial District of Idaho, notwithstanding his age and that he has a personal right to be nominated, elected and hold said office under the rights guaranteed to him as a citizen of Idaho pursuant to Section 23 of Article 5 of the Idaho Constitution.

"VIII. Plaintiff alleges that Section 1-2007 of Chapter 20, Title I, Idaho Code as amended by Chapter 130 of the Idaho Session Laws, 1949, and said section only, is unconstitutional, and that by reason of the question of validity arising under said Chapter 20, Title 1, I.C., and the defendant's erroneous interpretation of said statute, plaintiff has a personal interest in having the validity of said Section 1-2007 of Chapter 20, Title 1, I.C., adjudicated.

"IX. Petitioner states that the reason application is made to this court in the first instance is because, as petitioner believes, there is only an issue of law involved in a dispute, personal to petitioner, but in which the public has an interest, which can be expeditiously, finally and completely adjudicated and set at rest only by this court.

"X. This action is brought pursuant to Chapter 12 of Title 10, I.C.

"Wherefore petitioner prays judgment that it be determined:

"(1) Whether petitioner will be eligible to serve as judge of the District Court of the Eighth Judicial District of Idaho for the term commencing January 1, 1951.

"(2) Whether petitioner is eligible as a candidate for said office.

"(3) Whether petitioner is entitled to have his candidacy certified upon full com-

pliance with sections 34-702 and 34-703, I.C., and the facts of this case, pursuant to Section 34-704, I.C., notwithstanding he will be above seventy years of age."

Defendant filed a general demurrer to such petition. The matter was set down for hearing and has been heretofore argued and presented in open court, and is now before us for decision.

Plaintiff seeks to have declared unconstitutional that portion of the Judge's Retirement Act contained in Section 1-2007, I.C., as amended by Chapter 130, Session Laws of 1949, in so far as it provides that no person shall be eligible for appointment or election to the office of district judge after attaining the age of seventy years. Said Section 1-2007, I.C., now reads as follows: "This Act shall not affect the tenure of office of any person now serving as justice or judge, but at the conclusion of his present term of office, he shall retire if he has then attained the age of seventy years. After the effective date of this Act, no person shall be eligible to appointment or election to the office of justice of the Supreme Court or to the office of district judge who will have attained the age of seventy years at the beginning of the term to which he aspires or for which appointment is being considered."

Plaintiff contends that Section 1-2007, I.C., by adding an additional qualification for the office of district judge, is in conflict with Article V, Section 23, of the Idaho Constitution which reads as follows: "No person shall be eligible to the office of district judge unless he be learned in the law, thirty years of age, and a citizen of the United States, and shall have resided in the state or territory at least two years next preceding his election, nor unless he shall have been at the time of his election, an elector in the judicial district for which he is elected."

Plaintiff does not contend that said Section 1-2007, I.C., is unconstitutional in so far as it is applicable to justices of the supreme court for whom no special qualifications are prescribed by the constitution.

At the outset, defendant urges, under his demurrer, that this court has no jurisdiction to entertain these proceedings. An examination of the petition discloses that both in form and essence, these are proceedings in mandamus. The subject matter of the action involves the alleged duty of defendant, Secretary of State, to file plaintiff's declaration of candidacy. Section 7-302, I.C., provides that a writ of mandate may issue "to compel the performance of an act which the law especially enjoins as a duty resulting from an office * * *."

In determining our jurisdiction to hear and determine this case, we are not concerned with whether the petition states a good cause of action, with whether the plaintiff is entitled to the relief prayed for, or with whether we have power to render a declaratory judgment in a mandamus pro-

ceeding, or at all. We are only concerned with whether the action belongs to that class of cases of which we have original jurisdiction.

This question is discussed in 15 C.J., pp. 734–735, par. 35, as follows: "Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong; the power to deal with the general subject involved in the action; and, as used in the constitutions and statutes, the word 'jurisdiction' means jurisdiction as to subject matter only, unless an exception arises by reason of its employment in a broader sense. Such jurisdiction the court acquires by the act of its creation, and possesses inherently by its constitution; and it is not dependent upon the sufficiency of the bill or complaint, the validity of the demand set forth in the complaint, or plaintiff's right to the relief demanded, the regularity of the proceedings, or the correctness of the decision rendered." See, also, 21 C.J.S., Courts, § 35.

In Richardson v. Ruddy, 15 Idaho 488, at page 494, 98 P. 842, 844, this court approved the following quotation from Brown on Jurisdiction, page 4: "Jurisdiction over the subject-matter is the right of the court to exercise judicial power over that class of cases, not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial."

The foregoing quotation was repeated and followed in Wayne v. Alspach, 20 Idaho 144, 116 P. 1033. It was likewise followed in Sizemore v. Board of County Com'rs, 36 Idaho 184, 210 P. 137.

Article V, Section 9, of the Idaho Constitution provides that "The Supreme Court shall also have original jurisdiction to issue writs of mandamus, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of its appellate jurisdiction." It thus appears that this court has original jurisdiction to try a case of the kind or character of the one pending.

Plaintiff's case is bottomed upon the allegation and assumption that because Section 1-2007, I.C., contains a qualification for the office of district judge in addition to the qualifications mentioned in the constitution, it is, therefore, unconstitutional and void. If Section 1-2007, I.C., is constitutional, plaintiff's petition does not state a cause of action and the demurrer should be sustained.

In support of his position, plaintiff cites State ex rel. Palagi v. Regan, 113 Mont. 343, 126 P.2d 818; Sheehan v. Scott, 145 Cal. 684, 79 P. 350; Jansky v. Baldwin, 120 Kan. 332, 243 P. 302, annotated in 47 A.L.R. 476; People ex rel. Hoyne v. Mc-

Cormick, 261 Ill. 413, 103 N.E. 1053, Ann. Cas.1915A, 338; State ex rel. Workman v. Goldthait, 172 Ind. 210, 87 N.E. 133, 19 Ann.Cas. 737; Thomas v. Owens, 4 Md. 189; Dickson v. Strickland, 114 Tex. 176, 265 S.W. 1012; Fordyce v. State, 115 Wis. 608, 92 N.W. 430; State ex rel. Stain v. Christensen, 84 Utah 185, 35 P.2d 775.

An examination of these cases discloses that they are authority for the rule that where the constitution affirmatively and clearly prescribes the qualifications for eligibility for a constitutional office, it is not within the power of the legislature to change, add to or take from such qualifications, unless granted such power by the constitution.

However, it is questionable whether such authorities sustain a rule that where the constitution negatively sets out certain qualifications, minimum in form, the legislature is without power to add to such minimum qualifications. Only four of them touch upon this latter rule.

The statement in People ex rel. Hoyne v. McCormick, supra, supporting the latter rule, was unnecessary to a decision of the case as it was held that the office in question was a legislative office and not a constitutional office. The discussion in State ex rel. Stain v. Christensen, supra, supporting such rule, occurs in the dissenting opinion; and the decision in the case turned upon a fine distinction between eligibility for office and qualification for office. Jansky v. Baldwin, supra, inclines toward the opposite view; and Fordyce v. State, supra, is contrary to such rule.

On the other hand, defendant cites the following authorities which support the rule that where the constitution has imposed some qualifications, particularly in negative form, upon constitutional officers, but not exclusive ones, the legislature may add such others as are reasonable and proper and not in conflict with the constitutional provisions: Glasco v. State Election Board, 121 Okl. 119, 248 P. 642; State ex rel. Hartford v. Craig, 132 Ind. 54, 31 N.E. 352, 16 L.R.A. 688, 32 Am.St.Rep. 237; Throop on Public Officers, p. 82; Mechem on Public Officers, Section 66, pp. 22–23; State ex rel. Workman v. Goldthait, supra, and authorities cited therein; Fordyce v. State, supra; State ex rel. Attorney General v. Covington, 29 Ohio St. 102; Darrow v. People, 8 Colo. 417, 8 P. 661; State ex rel. Thompson v. McAllister, 38 W.Va. 485, 18 S.E. 770, 24 L.R.A. 343.

The constitution of Idaho does not contain a provision prescribing, in general, the qualifications for holding public office. By Article VI, Section 5, certain disqualifications are set out. Article V, Section 23, of the constitution is negative in form and prescribes certain minimum qualifications for holding the office of district judge. It does not appear to intend to be all inclusive or to limit the power of the legislature to prescribe additional reasonable qualifications.

It is well settled that the legislature possesses all legislative power and authority except in such instances and to such extent as the constitution of the state and of the United States have imposed limitations and restraints thereon. Koelsch v. Girard, 54 Idaho 452, 33 P.2d 816. An act of the legislature may not be declared unconstitutional unless such act is clearly in conflict with some provisions of our state or federal constitution.

Article V, Section 23, of the constitution does not in terms restrict the power of the legislature to add additional reasonable qualifications for the office of district judge. Such restriction could only arise by implication. An examination of the proceedings of the constitutional convention discloses that the only question discussed with reference to Article V, Section 23, was as to the minimum age of thirty years. There is nothing therein to indicate that the convention intended to fix other than a minimum age, or intended to limit the power of the legislature to prescribe additional qualifications.

The precise question now being considered has not heretofore been before us. However, the decision in Fisher v. Masters, 59 Idaho 366, 83 P.2d 212, is close in principle and is persuasive. In such case this court upheld as constitutional, the provision in the non-partisan judicial primary law that "the ballot shall contain no names not certified by the Secretary of State and no blank spaces for writing in names shall appear on said ballot." Laws 1935, c. 12, § 6. This was, in effect, a holding that no person is eligible for election to the nonpartisan judiciary unless he has qualified by fully complying with the statutory provisions for nomination.

Section 1-2007, I.C., prescribing that no person shall be eligible for election or appointment to the office of district judge after having attained the age of seventy years, is part of the plan and purpose of the Judge's Retirement Act. This act provides for the resignation and retirement of judges upon retirement pay, and was enacted for the purpose of betterment of our judicial system. The fixing of the maximum age limit at seventy years does not appear to be unreasonable and is in harmony with the other provisions of the retirement act.

We conclude that Section 1-2007, I.C., is not in conflict with Article V, Section 23, of the constitution and was within the power of the legislature to enact. It follows that the demurrer to plaintiff's petition is well taken. The demurrer is therefore sustained and the action dismissed. No costs awarded.

HOLDEN, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.