No. 38,057

OWEN J. LARKIN, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF NEMAHA, STATE OF KANSAS; GALE BROWNLEE, R. B. SHEELEY and GEORGE RAY, as Members of Said Board of County Commissioners and as individuals; and O. J. WARD, as County Clerk of Nemaha County, Kansas, *Appellants.*

(223 P. 2d 987)

Opinion filed November 10, 1950.

*William M. Drumm,* County Attorney of Nemaha County, argued the cause, and *Harry A. Lanning,* of Seneca, of counsel, was with him on the briefs for the appellants.

*John D. Cunningham,* of Seneca, argued the cause, and was on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

SMITH, J.: This was a mandamus action to compel payment of an award in a highway condemnation proceeding. Judgment was for the plaintiff. The defendants have appealed. The plaintiff has cross-appealed from one item in the judgment.

The motion for a writ alleged that the plaintiff was the owner of certain real estate that was condemned by the county commissioners for highway purposes, pursuant to G. S. 1935, 68-114; that the board viewed the land and awarded plaintiff $114.25 for the land taken and $150 as damages; that a report was filed in the office of the county clerk and the board took possession of the land and caused work to be done thereon.

The motion further alleged that subsequently plaintiff filed his application for additional damages with the board, in the total sum of $801.80, which application was denied and $264.25 allowed; that thereafter plaintiff appealed to the district court, where a trial was had, and a verdict returned for appellant in the amount of $1; and thereafter the trial court allowed the appellant a new trial.

The motion then alleged that while the matter remained undetermined in the district court the plaintiff dismissed his appeal; that thereupon the appeal of plaintiff from the award was terminated and the award of $264.25 became due plaintiff and the board was liable for such amount and had sufficient funds to pay it; that since the termination of the appeal plaintiff had demanded payment and it had been refused.

The prayer was for a writ ordering the board to deliver a warrent for the amount of the award to plaintiff. A motion of the defendants to require the plaintiff to make his petition more definite and certain by stating whether the board should be required to pay the award made on August 7, 1948, or the allowance made on September 7, 1948, was sustained.

Plaintiff then filed an amended motion alleging that on September 7, 1948, the board denied plaintiff's application for damages, affirmed the award made on August 7, and allowed $264.25 only paid him as damages and further alleged that the board was legally liable to him for the award in the amount of $264.25. The motion of the defendants to quash the writ on the ground that neither the writ nor the amended motion stated a cause of action was overruled. In due time the board filed its return. The return denied that the board

affirmed the award made on August 7, 1948. It admitted that the commissioners had viewed the road; that plaintiff had asked for damages in the amount of $801.80 and that the appeal in the district court had resulted in a verdict in the amount of one dollar and that the trial court had allowed a new trial. The return then set out a copy of the commissioners' journal at a meeting on March 28, 1949, which showed that on August 19, 1948, plaintiff had filed a claim for $801.80 with the county clerk; that he referred to the fact that on September 7, 1948, the board had allowed him $264.25; that he had appealed this to the district court, which trial had resulted in a verdict of one dollar; that a new trial had been ordered and plaintiff had appealed. The journal entry pointed out that the warrant drawn on September 7, 1948, in favor of plaintiff in the amount of $264.25 had been cancelled by the board.

The journal of the board further recited that the board had on further consideration and discussion of the special benefits accruing to plaintiff by reason of the alteration and widening and construction of the road resolved that plaintiff would receive greater benefit than the value of his property taken and his damages thereto and that the plaintiff should be allowed one dollar in full settlement of his claim filed on September 7, 1948, and that all resolutions and other actions of the board in connection with the claim were rescinded.

The return further denied that upon the dismissal of the appeal the award of $264.25 became immediately due, and denied that the board was indebted to the plaintiff in that amount and alleged that there was no stautory provision for the allowance of the original appraisement made on August 7, 1948, and pursuant to G. S. 1935, 60-114, plaintiff was not entitled to any damages on account of the appraisement.

The answer then denied that plaintiff had no adequate remedy at law and alleged that upon plaintiff's appeal to the district court, the district court then acquired and had original jurisdiction to determine the defendants' liability and the amount thereof; that when plaintiff voluntarily dismissed his appeal the defendants were relieved of any and all liability to him. The answer denied that their refusal to make the award of $264.25 was wrongful and alleged that mandamus was an extraordinary remedy and only available where plaintiff did not have adequate remedy in the ordinary course of the law and that defendants were not liable to plaintiff in any amount in excess of one dollar.

When the case came on to be heard, at the request of the trial court, the parties made an agreed statement of facts. This was about as the ultimate facts were pleaded in the motion for a writ and the return, except for conclusions, that is, the board awarded plaintiff $114.25 for the land and $150 for damages; took possession of the land; that on August 19, 1948, plaintiff filed an application for damages amounting to $801.80; that this was denied on September 7, 1948, but it was determined that plaintiff should be allowed $264.25; that plaintiff filed notice of appeal; the trial was had in district court; a verdict reached in the amount of one dollar and on December 23, 1948, the county clerk canceled the certificate of $264.25; that on January 17, 1949, the district court sustained plaintiff's motion for a new trial; that on March 7, 1949, the plaintiff dismissed his appeal; that sufficient money was on hand to pay the amount of $264.25; that on March 28, 1949, the county commissioners decided, as recited in the journal, set out in the answer, that plaintiff had been benefited by the road to the extent that he was not entitled to any damages; that he be allowed $1. It was further agreed that the county pay $9 as expenses of the publication notice and the expense of the trial of two days in the amount of $129.10; that after dismissal of the case in the district court plaintiff requested payment of the $264.25 but payment was refused.

The journal entry of the trial court recited the facts about as they have been detailed here and found that the defendant board of county commissioners had wrongfully refused to make the payment of $264.25 to the plaintiff; that sufficient funds were available for the payment to be made; that plaintiff had no adequate remedy at law and that the writ of mandamus should issue commanding them to make the payment. The trial court also found that defendants should pay the costs of the action, but not including any fee for plaintiff's attorney. The board has appealed from the order overruling the motion for a new trial and commanding them to make the payment. The plaintiff has cross-appealed from as much of the order as found that the defendant should not be required to pay any attorney's fees for plaintiff.

Defendants first argue that the trial court erred in issuing the writ because the plaintiff had an adequate remedy at law. To sustain this view they point out G. S. 1935, 60-1702. That section provides, in part:

"The writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law."

Defendants argue that plaintiff had an adequate remedy by his appeal and abandoned his remedy when he dismissed it.

This argument overlooks the proper interpretation to be given the statute. (See G. S. 1935, 68-114.) This section provides in detail for the taking of land when it is found necessary to do so in order to lay out, relocate, alter, widen or vacate a highway. The power to exercise the right of eminent domain where necessary is placed in the county commissioners. It provides that they shall view the proposed road, appraise the value of the land to be taken, assess the damages, and file a written report of their findings with the county clerk. The statute then has a provision as follows:

". . . All applications for damages must be filed in writing with the county clerk on or before the first day of the next regular session of the board following the filing of said report, and the board shall at said regular session finally determine upon the amount to be paid as damages to any owner or owners of any land. And the amounts so allowed shall be paid from the general fund or the road fund of the county in case of county roads and from the township road fund on township roads. The right of appeal from the award of damages made by the county commissioners shall be the same as is now provided by law in other road cases, but such appeal shall not delay any work upon or in relation to said road."

The plaintiff followed the procedure outlined in the above section by filing his application for damages with the county clerk.

It should be noted the statute provides that the board shall finally determine the amount to be paid as damages to any owner or owners of any land. The argument of defendants asks us to overlook the provision the board shall at said regular session finally determine. The action of the county board at its meeting of March 28, 1949, finding that plaintiff had not been damaged, was an attempt to reëxamine the issues heard by it when it considered the application of plaintiff for damages on September 7, 1948, and allowed him $264.25. There is no provision in the statute for such reconsideration.

The situation is somewhat analogous to what was considered by us in *Meehan v. Barber County,* 108 Kan. 251, 194 Pac. 916. The statute at that time provided that boards of county commissioners should assess and determine the amount of damages sustained by any person through whose property a road was proposed to be established. It further provided in cases where any person had not received notice of the view he might at any time within twelve months after the lo-

cation of the road file an application for damages with the county commissioners, who should determine the amount of damages sustained by such person. ( See G. S. 1915, § 8760. ) The next section provided that the commissioners should make a separate certificate stating the amount of damages assessed by them at the time they made the view and that any person feeling himself aggrieved by the award might appeal to the district court.

The plaintiff whose land had been appropriated took advantage of the twelve months provision and filed an application for damages. The commissioners denied the application. Instead of appealing, the person whose land had been taken commenced an independent action for damages in the district court. We affirmed the judgment of the trial court sustaining the demurrer to the petition and said:

"It is familiar law that filing a claim for damages, under the circumstances stated, waives notice, constitutes a general appearance, and waives irregularity in the proceeding. In passing on a claim for damages, the commissioners exercise quasi-judicial power. Their decision stands as a determination of the subject of damages, by the tribunal appointed by law for the purpose. It has all the conclusiveness of a judgment and cannot be reviewed except in the statutory manner, that is, by appeal (Gen. Stat. 1915, § 8761). Whatever courses were originally open to the plaintiff, he voluntarily came into the road proceeding, and must be satisfied with the remedy applicable to such a proceeding."

This case is of importance here because we held that the action of the county commissioners in passing upon the application for damages was the exercise of quasi-judicial power and we said further that their action stood as a determination of the subject of damages by the only tribunal provided by law for the purpose.

The statute we are considering here is clearer in its provision for finality than was the statute then passed. G. S. 1935, 68-114, provides that the board shall finally determine upon the amount to be paid as damages. Clearly the legislature in the enactment of that statute intended to confer finality upon the decision reached by the board of county commissioners at its next regular meeting after the view, with the exception that the statute provided for the right of appeal as in other road cases. That is the procedure set out in G. S. 1947 Supp. 68-107. The section with which we are concerned is as follows:

"Any person feeling himself aggrieved by the award of damages made by the board of county commissioners may appeal from the decisions of said board of county commissioners to the district court upon the same terms, in the same manner and with like effect as in appeals from judgments of justices of the peace in civil cases; . . ."

It is to be noted that nowhere in any of these statutes is the right of appeal conferred on the board of county commissioners. The reason for this is plain that since the board makes the award in the first place there would be no reason to confer on them the right to appeal from their own order.

Since this section, G. S. 1947 Supp. 68-107, provides that the appeal shall be in the same manner and with like effect as in appeals from judgments of justices of the peace in civil cases we must look to G. S. 1947 Supp. 61-1005, which provides, in part, as follows:

"If the appeal be dismissed, the cause shall be remanded to the justice of the peace, to be thereafter proceeded in as if no appeal had been taken."

When we relate that section back to G. S. 1935, 68-104, and these proceedings we find that the plaintiff in this case did dismiss the appeal and the conclusion is inescapable that when he dismissed his appeal it was the duty of the district court to remand the cause to the county commissioners, to be thereafter proceeded with as if no appeal had been taken. It does not appear in this record whether the trial court did remand the cause back to the county commissioners. If the court did not do so, it was because of action of the board of county commissioners wherein they changed their award from $264.25 to $1. When the plaintiff dismissed his appeal it became the duty of the board to pay him the amount of his award. When the county commissioners refused to pay it on demand, the only thing left for him was to bring this action.

We find it unnecessary to consider the other questions argued by defendants. This disposes of the appeal of defendants.

There remains the cross-appeal of plaintiff. It has to do with that part of the judgment which found the plaintiff was not entitled to recover an attorney's fee as part of the costs. In the journal entry of judgment the trial court said:

"It is further ordered, adjudged and decreed that the defendant Board of County Commissioners pay the costs of this proceeding but not including any fee for plaintiff's attorney."

Plaintiff points out that he paid the costs of the trial of his appeal in the district court and argues that when he dismissed that appeal it became the duty of the defendants to pay him the amount of the award. In his petition in this case he alleged that the defendants "wrongfully, maliciously, intentionally and arbitrarily refused to make the payment."

We have held in mandamus actions under certain circumstances

the plaintiff was entitled to an attorney's fee to be taxed as costs against the defendant. (See *King v. Wooster*, 111 Kan. 625, 208 Pac. 654.) We have uniformly held, however, that in order for a plaintiff in a mandamus action against a public official to be entitled to an attorney's fee to be taxed as costs it must appear that the official acted arbitrarily, unfairly or oppressively and where he acted in good faith he was relieved from such personal liability. (See *Day v. Cowley County Comm'rs*, 146 Kan. 492, 71 P. 2d 871; *Cates v. Knapp*, 104 Kan. 184, 178 Pac. 447; *State, ex rel., v. Bone*, 125 Kan. 818, 266 Pac. 85; and *Kittredge v. Boyd*, 136 Kan. 691, 18 P. 2d 563.)

There was no dispute about the actual facts. The only dispute is as to the conclusion to be drawn therefrom. We find nothing in this record to warrant a conclusion that the action of the board was anything more than the careful scrutiny of the expenditures of public funds which it is the duty of those officials charged with such responsibilities to exercise. There is nothing to indicate they acted arbitrarily or unreasonably.

The judgment of the trial court on the appeal and cross-appeal is affirmed.