

# The Attorney General of Texas

August 9, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy
Chairman
Committee on Jurisprudence
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No. JM-54

Re:    Construction of section 44.102(b)(2) of Title 110B relating to judicial retirement benefits

Dear Senator Mauzy:

You advise that a person who will complete 20 continuous years of service as a district judge approximately two months before the person is 71 years of age does not wish to retire prior to becoming 71 years old. You have asked whether, in order to be eligible for retirement benefits that include an additional ten percent of the applicable salary, a person who has 20 years of service credited in the judicial retirement system must retire before he is 71 years old or may retire at any age.

In our opinion, such a person is eligible for the ten percent increase in his annuity under the judicial retirement system only if he retires prior to age 71. You also inquire about the constitutionality of that provision under the due process and equal protection clauses of the United States and Texas Constitutions. We believe that the provision does not violate the equal protection or due process guarantees.

The Texas Constitution directs the legislature to provide for the retirement and compensation of justices and judges of the appellate and district courts and to set the benefits of the judicial retirement system. See Tex. Const. art. V, §1-a; art. XVI, §67(d). A member of the judicial retirement system is eligible to retire and receive a base service retirement annuity equal to 50 percent of the state salary being paid a judge of a court of the same classification as the court on which the retiree last served if the member:

> (1) is at least 65 years old, currently holds a judicial office, and has at least 10 years of service credited in the retirement system, the most recently performed of which was for a continuous period of at least one year;

(2)  is at least 65 years old and has at least 12 years of service, continuous or otherwise, credited in the retirement system, regardless of whether the member currently holds a judicial office; or

(3)  has at least 20 years of service credited in the retirement system, the most recently performed of which was for a continuous period of at least 10 years, regardless of whether the member currently holds a judicial office.

V.T.C.S. title 110B, §44.101(a).  See V.T.C.S. §44.102(a).

Section 2(a) of article 6228b, V.T.C.S., which has been codified in sections 44.101 and 44.102, title 110B, provided, in part, that if a member of the judicial retirement system has not been out of judicial office for more than one year at the time he applies for retirement benefits,

[a]n additional ten percent (10%) of the applicable salary shall be added to the base retirement payments to the following judges:  (1) those eligible for retirement under any provisions of this Act as amended who retire at or before age seventy (70); (2) those who are not eligible by length of service to retirement benefits at age 70 but who retire immediately upon becoming eligible.

See Acts 1967, 60th Leg., ch. 692 at 1808; Acts 1977, 65th Leg., ch. 415 at 1117.

Section 44.102(b) now provides:

(b)  Except as provided by Subsection (c) of this section, the retirement system shall increase by 10 percent of the amount of the applicable state salary under Subsection (a) or (d) of this section, the annuity of a member who retires:

(1)  before becoming 71 years old; or

(2)  at any age immediately after becoming eligible to retire under Section 44.101 of this subtitle.

This is a non-substantitive recodification.

"A fundamental rule in the construction of statutes is to ascertain and give effect to the intent of the Legislature." Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 599 (Tex. 1975). We believe the legislature clearly intends to encourage judicial retirement at not later than age 70 by increasing by ten percent the annuity of a judge who retires before age 71. See Abraham, The Judicial Retirement Amendment, 29 Tex. B.J. 1005 (1966). However, it is apparent from the words of the Judicial Retirement Act that the legislature also intends that a judge who is not eligible for judicial retirement benefits at age 70, may retire at any age and receive the ten percent increased annuity, if he retires immediately after becoming eligible. See Attorney General Opinion H-537 (1975). Since the person in question may retire before age 71 and receive a base service retirement annuity under each category of eligibility specified in section 44.101(a), title 110B, we believe the plain language of the statutory law codified as section 44.102(b), title 110B, requires that person to retire before becoming 71 years old in order to qualify for the additional annuity authorized by the latter section.

We turn to the question of whether the statutory law codified in §44.102(b) violates the equal protection or due process guarantees of the state and federal constitutions.

Article I, section 19, of the Texas Constitution, reads as follows:

> No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

The 5th and 14th amendments to the United States Constitution read, in part, as follows, respectively:

> No person shall. . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. 5.

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. 14, §1.

The facts before us do not raise a question of the constitutionality of mandatory retirement. However, several federal courts and state courts in other jurisdictions have held that mandatory retirement of state judges at age 70 is rationally related to the furthering of several legitimate state objectives, does not violate equal protection, and does not deprive a person of "liberty," "property," or any due process rights. Age is not a suspect classification for equal protection purposes and does not require strict judicial scrutiny. The interest of officials in public employment is not a fundamental interest. See Malmed v. Thornburgh, 621 F.2d 565, (3rd Cir. 1980); Trafelet v. Thompson, 594 F.2d 623 (7th Cir. 1979); Rubino v. Ghezzi, 512 F.2d 431 (2nd Cir. 1975); O'Neil v. Baine, 568 S.W.2d 761 (Mo. 1978); Aronstam v. Cashman, 325 A.2d 361 (Vt. 1974); Nelson v. Miller, 480 P.2d 467 (Utah 1971); Boughton v. Price, 215 P.2d 286 (Idaho 1950).

By analogy, we conclude that the principles which uphold the constitutionality of provisions that mandate involuntary retirement of state judges at age 70 also would support the constitutionality of provisions that encourage and compensate voluntary retirement of state judges at age 70. Further, we believe that a person who voluntarily chooses to continue serving as a judge past age 70 instead of choosing to retire and receive the added annuity as compensation for retiring at age 70 does not earn or acquire the right to receive the ten percent additional retirement annuity and is not thereby deprived of a right without due process of law. Under section 44.102(b), judges similarly situated are given the same treatment. Accordingly, we believe that section 44.102(b) is not unconstitutional.

## S U M M A R Y

A judge who has 20 years of service credited in the judicial retirement system before he is 71 years of age is eligible for the ten percent additional retirement annuity authorized by section 44.102(b), title 110B, V.T.C.S., only if the judge retires prior to becoming 71 years old. Section 44.102(b) does not violate the equal protection and due process guarantees of the state and federal constitutions.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton